[No. 17-40115-3.    Division Three.    November 28, 1969.]

EDWARD STUECKLE, *Appellant*, v. SCEVA STEEL BUILDINGS, INC., *Respondent*.

*William C. Harrison*, for appellant.

*Daniel W. Giboney*, for respondent.

MUNSON, J.—Plaintiff brings an action seeking a finder's commission on 146 prospects for steel buildings, many of whom purchased the buildings from defendant. This number was reduced to 17 at the time of trial and, at the conclusion of the trial, only 9 claims for sales remained. The trial court, sitting without a jury, found in favor of the defendant on all nine claims and the plaintiff appeals.

The plaintiff, a retired farmer and elevator owner-operator, from LaCrosse, Washington, was employed on a part-time basis by the defendant for the purpose of scouting prospective purchasers of steel buildings. If he secured a prospect who ultimately purchased a building, plaintiff was

entitled to a 5 per cent commission on the total contract price, less the sales tax.

In its findings of fact, the trial court made specific factual findings against the defendant as to eight of the claimed sales, five of which included an additional finding that they were beyond the statute of limitations. In the ninth claim the finding was based solely upon the statute of limitations.

■ The findings pertaining to the eight building sales are amply supported by the evidence and will not be disturbed by this court upon appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Pedrini v. Mid-City Trailer Depot, Inc.*, 1 Wn. App. 56, 459 P.2d 76 (1969).

■ The defendant did not specifically plead the bar of the statute of limitations as required by CR 8(c), nor did he at any time make a formal motion to amend to include that defense at the trial. However, the trial court, during the taking of the testimony, treated the statute of limitations as one of the issues involved. Both parties were well aware that the trial court was considering the defense as though it had been pleaded. Plaintiff, while making known his objection to the court's treating this issue as if it were in the case, did not request a continuance, nor did he show how such an amendment would be to his prejudice, nor that he was deceived in any manner.

CR 15(b) states:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

The trial court did not abuse its discretion in considering the pleadings amended to include the issue of the statute of limitations.

The plaintiff next contends the statute of limitations is inapplicable. In each of the claims where the court found the statute of limitations applicable, the claims sued upon were separate and distinct from each other. Plaintiff's right to compensation became due immediately upon the conclusion of each sale, and the statute began to run at that time. *Perry v. Hillman,* 153 Wash. 689, 697, 280 P. 346 (1929).

The statute of limitations may be tolled by the concealment of material facts, misrepresentations, or a promise to pay in the future. The trial court specifically found there had been no misrepresentation or concealment by the defendant of any material facts, nor had there been any promise to pay the plaintiff a commission on any of the buildings wherein this defense was applicable. These findings are amply supported by the evidence.

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.

Petition for rehearing denied January 8, 1970.