[No. 44805. En Banc. December 14, 1978.]

ANTHONY F. ARIPA, JR., *Petitioner*, v. THE DEPART-
MENT OF SOCIAL AND HEALTH SERVICES, ET AL,
*Respondents.*

CHARLES CUNNINGHAM, *Petitioner*, v. CHARLES
MORRIS, ET AL, *Respondents.*

LARRY N. LA FOUNTAIN, *Petitioner*, v. CHARLES
MORRIS, ET AL, *Respondents.*

DONALD G. GAMER, *Petitioner*, v. CHARLES
MORRIS, ET AL, *Respondents.*

JAMES A. SNEDDON, *Petitioner*, v. CHARLES
MORRIS, ET AL, *Respondents.*

*John B. Midgley* and *Daniel N. Clark,* for petitioner.

*Slade Gorton, Attorney General,* and *Nate D. Manna-kee, Assistant,* for respondents.

HAMILTON, J.—This case is a direct appeal from the trial court's denial of petitions for alternative writs of mandamus and habeas corpus. We affirm the trial court.

Anthony F. Aripa, Jr., one of the petitioners, was an inmate of Washington State Penitentiary at Walla Walla. He has a long history of alcoholism and involvement with the criminal justice system. His alcoholism led directly to the bringing of a petition for a writ of mandamus and, in the alternative, a writ of habeas corpus to compel the Department of Social and Health Services (DSHS) to provide treatment for his severe alcohol problem. Four other inmates with similar histories of alcohol problems also brought petitions for writs of mandamus seeking the same relief.

The trial court consolidated the cases of all petitioners and, upon consideration of the issues, found no grounds upon which to issue the requested writs. Petitioners sought direct review of the trial court's judgment, and we retained their cases.

Petitioners allege they are entitled to the writs for two reasons. First, they argue that RCW 70.96A.010 *et seq.*, and RCW 72.08.101 give rise to a statutory right to comprehensive individualized treatment for alcohol problems. They contend they have been denied this statutory right to treatment. Second, they argue denial of comprehensive alcohol treatment to inmates violates constitutional guaranties of equal protection. They raise this latter argument for the first time on appeal.

We note that at the time of oral argument petitioner Aripa, as well as three of the four other petitioners, had been discharged from custody at Walla Walla. The issues advanced could be moot as to the discharged petitioners. But since one petitioner was in custody at the time of oral argument we proceeded to consider this case. After analysis of the pertinent statutes, we find no merit to the contentions regarding treatment.

The statutes we consider are RCW 72.08.101 and RCW 70.96A.050(3). The former statute states:

The director of institutions shall provide for the establishment of programs and procedures for convicted persons at the state penitentiary, which are designed to be corrective, rehabilitative and reformative of the undesirable behavior problems of such persons, as distinguished from programs and procedures essentially penal in nature.

RCW 72.08.101. And RCW 70.96A.050(3) states:

The department shall:

. . .

(3) Cooperate with public and private agencies in establishing and conducting programs to provide treatment for alcoholics, persons incapacitated by alcohol, and intoxicated persons who are clients of the correctional system.

These two statutes could be construed to create a duty on the part of DSHS to assist in providing inmates with some form of rehabilitative alcohol treatment program. And it is undisputed that the department has in fact initiated a basic alcohol treatment program for convicted persons. Its

components consist of counseling, medical, psychiatric, and psychological assistance, a monitored antabuse program, an alcohol education program, access to chapters of Alcoholics Anonymous, and follow–up referral services on release. Limited access by minimum security inmates to a full treatment facility is provided through treatment release to the Walla Walla Community Alcohol Center.

Petitioners contend, however, this program is not sufficient to meet the dictates of the above statutes. They argue that all inmates have a statutory right to comprehensive individualized alcohol treatment, including in–patient, out–patient, and intermediate care.

We are of the opinion this contention cannot be sustained. RCW 72.08.101 and RCW 70.96A.050(3) cannot be reasonably construed as a legislative mandate that certain treatment modalities should be employed by DSHS. RCW 72.08.101 merely requires DSHS to establish *rehabilitative* programs and procedures to correct antisocial behavior. While alcohol abuse is clearly antisocial and thus we would be justified in assuming the legislature intended that DSHS consider programs to correct it, the statute is understandably nonspecific on the precise nature and extent of corrective programs.

RCW 70.96A.050(3) does not alter this lack of specificity. The language of that statute is, if anything, *more* generalized than RCW 72.08.101. It merely requires DSHS "cooperate" in the establishment of treatment programs. Therefore, even when we read the two statutes together, the petitioners' proposition that individualized comprehensive alcohol treatment is statutorily guaranteed is without merit.

Petitioners urge that we go beyond the statutes already discussed and examine the policy of RCW 70.96A, the Uniform Alcoholism and Intoxication Treatment Act, and RCW 70.96A.080(3). An examination of these, they argue, establishes that there exists a *right* to comprehensive treatment.

■ The policy leading to the adoption of RCW 70.96A was recognition that alcoholism is a disease and that persons afflicted by the disease of alcoholism should be afforded treatment as opposed to criminal sanctions. *State v. Kent,* 87 Wn.2d 103, 106, 549 P.2d 721 (1976); RCW 70.96A.010; *see* Note, 50 Wash. L. Rev. 755 (1975). We support this policy; however, statutory policy statements as a general rule do not give rise to enforceable rights and duties. *Whatcom County v. Langlie,* 40 Wn.2d 855, 246 P.2d 836 (1952); *State ex rel. Berry v. Superior Court,* 92 Wash. 16, 159 P. 92 (1916). *See International Union of Operating Eng'rs Local 286 v. Sand Point Country Club,* 83 Wn.2d 498, 505, 519 P.2d 985 (1974). In the instant case, we find no reason to depart from the general rule. *Compare Krystad v. Lau,* 65 Wn.2d 827, 400 P.2d 72 (1965). Accordingly, petitioners cannot rely on the policy contained in RCW 70.96A.010 to support their contention for individualized alcohol treatment. Similarly, RCW 70.96A.080(3) provides petitioners no support. It states:

> (3) The department shall provide for adequate and appropriate treatment for alcoholics, persons incapacitated by alcohol, and intoxicated persons admitted under RCW 70.96A.110 through 70.96A.140. *Treatment may not be provided at a jail or prison except for inmates.*

(Italics ours.) RCW 70.96A.080(3).

The prohibition of treatment at prisons, except for inmates, contained in RCW 70.96A.080(3), rather than establishing the right of inmates to a full range of programs, is clearly aimed at enforcing the previously discussed policy of the Uniform Alcoholism and Intoxication Treatment Act. By prohibiting the use of penal facilities for the treatment of persons afflicted with the disease of alcoholism, the legislature has obviously reinforced its desire to afford *treatment* to alcoholics rather than criminally sanction such persons.

Moreover, we note that this statutory provision, like the others upon which petitioners rely, is nonspecific as to type of treatment, if any, which DSHS is required to provide.

While the legislature specified adequate treatment, it also required that the treatment should be *appropriate*. DSHS has established what appears to be an appropriate program in light of the circumstances under which inmate treatment must be carried on. Thus, even if RCW 70.96A.080(3) establishes a right to treatment, that right has not been denied to petitioners. Petitioners further argue that DSHS administrative regulations flesh out the statutory mandate for adequate and appropriate treatment specifically requiring certain individualized comprehensive treatment modalities. We disagree.

The regulations govern public treatment facilities, that is, alcoholism treatment facilities. WAC 275-15-010(1); WAC 275-15-030(9) and (10). The penitentiary is not an alcoholism treatment facility. Further, the purpose of the regulations

> is to provide standards and procedures for departmental approval of public or private alcoholism treatment facilities to fix fees to be charged by the department for inspections of approved facilities or facilities seeking approval, and to set forth rules for the acceptance of persons into approved public treatment programs.

WAC 275-15-010(1).

This purpose does not support interpreting the regulations as a legislative or administrative statement of *rights*. The regulations are clearly aimed at standards for facilities, not rights for clients. We hold, therefore, that neither the statutes nor the regulations give petitioners a right to a particular manner of alcohol treatment. The statutes require DSHS, in its discretion, to establish programs and procedures designed to be corrective, *as distinguished* from penal in nature.

█ Mandamus lies to compel discretionary acts of public officials when they have totally failed to exercise their discretion to act, and therefore it can be said they have acted in an arbitrary and capricious manner. Once officials have exercised their discretion, mandamus does not lie to force them to act in a *particular manner*. *O'Connor v.*

*Matzdorff,* 76 Wn.2d 589, 458 P.2d 154 (1969); *State ex rel. Tubbs v. Spokane,* 53 Wn.2d 35, 38, 330 P.2d 718 (1958); *Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955). Thus, if DSHS exercised discretion in providing inmate alcohol treatment, petitioners cannot successfully force it, by mandamus, to provide a particular manner of treatment.

In this case, DSHS exercised its discretion in the area of rehabilitative alcohol programs by providing a basic alcohol treatment program at the Washington State Penitentiary at Walla Walla. In light of the undisputed findings and unchallenged conclusions which establish that the alcohol treatment program consists of a variety of components, including the credibly successful Alcoholics Anonymous program, we cannot say DSHS officials exercised their discretion in an arbitrary and capricious manner. A writ of mandamus is therefore inappropriate. Accordingly, on this score, we affirm the trial court's denial of the request for alternative writs of mandamus or habeas corpus.

Petitioners also argue the existing alcohol treatment program is violative of equal protection. This argument was not addressed to the trial court.

Petitioners have no fundamental right to rehabilitation. *Bresolin v. Morris,* 88 Wn.2d 167, 558 P.2d 1350 (1977). We have consistently held that except for cases involving denial of fundamental constitutional rights in criminal trials or contentions which affect jurisdiction of the court (*see, e.g., State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968), and *Kueckelhan v. Federal Old Line Ins. Co. (Mut.),* 69 Wn.2d 392, 418 P.2d 443 (1966)), constitutional issues not presented to or considered by the trial court will not be considered on appeal. *Robinson v. Peterson,* 87 Wn.2d 665, 675, 555 P.2d 1348 (1976). We therefore do not reach petitioners' equal protection challenge. In any event, we are not seriously impressed with the challenge.

The trial court action is affirmed.

WRIGHT, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.

UTTER, J. (dissenting)—Petitioners in this case are all victims of alcoholism, a disease which exacts a tragic toll from among the citizens of our society. It is a disease which does not discriminate by age, race, wealth, or gender. Indeed, recent commentators have noted increased incidence of alcoholism even among our adolescents and children.

The petitioners themselves can attest to the grim consequences of the disease. Like many others afflicted with alcoholism, it has been a factor in their criminal behavior, with consequent entanglement in the criminal justice system. Petitioner Aripa's case is demonstrative. In his early 30's, he has been incarcerated for most of the last 20 years because of his alcoholism. Both he and the respondent Department of Social and Health Services (DSHS) recognize his alcoholism.

Further, the circumstances of these petitioners are not unique. The evidence submitted in this case shows, and the trial court found, that of the approximately 1,500 inmates of the Washington State Penitentiary, approximately 60 percent, or 900, have a history of alcohol abuse.

In recognition of the problems associated with alcoholism, and particularly those problems of persons frequently incarcerated because of abuse of the drug, the legislature in 1972 adopted the Uniform Alcoholism and Intoxication Treatment Act, RCW 70.96A.010 *et seq.* Through the many specific programs contemplated in the act, the legislature expressed its ambition to treat the disease wherever its victims sincerely request assistance. Given the legislature's appreciation of the relation between alcoholism and the criminal justice process, an appreciation justified in light of the statistical evidence of alcohol addiction among prisoners provided in the record of this case, it is inconceivable to me that the legislature intended to exclude inmates of the state's correctional institutions from among the persons to be served by the mandated treatment programs.

But even were a more explicit legislative expression of intent necessary, it can readily be found in RCW 70.96A-.050(3), which requires the department to:

Cooperate with public and private agencies in establishing and conducting programs to provide treatment for alcoholics, persons incapacitated by alcohol, and intoxicated persons who are clients of the correctional system.

The legislature was not satisfied merely to assign a passive, albeit cooperative, role to the state agency. Rather it imposed a duty on the department to establish

by all appropriate means, including contracting for services, a comprehensive and coordinated program for the treatment of alcoholics, persons incapacitated by alcohol, and intoxicated persons.

RCW 70.96A.080(1).

It is evident the legislature intended that such a program include the gamut of services medical treatment of a disease would advise, as in the companion subdivision (2), the act provides:

(2) The program shall include, but not necessarily be limited to:

(a) Emergency treatment provided by a facility affiliated with or part of the medical service of a general hospital or licensed medical institution:

(b) Inpatient treatment;

(c) Intermediate treatment; and

(d) Outpatient and follow-up treatment.

Of special interest to us here in determining that the mandated treatment program should be provided to the petitioners, the legislature commanded further, in subdivision (3):

_ The department shall provide for adequate and appropriate treatment for alcoholics, persons incapacitated by alcohol, and intoxicated persons admitted under RCW 70.96A.110 through 70.96A.140. Treatment may not be provided at a jail or prison except for inmates.

In the face of this legislative order, the department has essentially claimed unlimited discretion to pick and choose

among its clients who shall be provided treatment, and to determine what in the nature of treatment or education shall be provided to each. This is simply a case of a state agency which refuses to do its job. The arguments advanced by the department and accepted by the court do not, I believe, withstand close scrutiny.

First, the court would find the last sentence of RCW 70.96A.080(3), only to prohibit the use of penal facilities for the treatment of alcoholics, in keeping with the legislative intention to substitute treatment for punishment wherever possible. While the sentence no doubt reflects that intention, the final proviso, "except for inmates", can mean nothing unless it means that inmates will be afforded treatment where they are, in the interest of penal security.

Additionally, the court finds an absence of specificity in the use of the term "treatment" in the provisions cited. To find specificity one need look no further than the definitions provision of the act, RCW 70.96A.020, where the legislature carefully provides that:

> "Treatment" means the broad range of emergency, outpatient, intermediate, and inpatient and emergency services and care, including diagnostic evaluation, medical, psychiatric, psychological, and social service care, vocational rehabilitation and career counseling, which may be extended to alcoholics, persons incapacitated by alcohol, and intoxicated persons.

RCW 70.96A.020(10).

The department cannot seriously contend it does not understand what treatment means. The precise language of the legislature defines it and it has itself further defined, in WAC 275–15, the comprehensive treatment program mandated by the legislature. The petitioners seek only treatment the legislature in its wisdom and compassion determined they shall be given. The department's interpretation and that of this court frustrates what I believe to be

a clear statement of the will of the legislature.

HOROWITZ, J., concurs with UTTER, J.