[Civ. No. 63665. Second Dist., Div. Two. Apr. 29, 1982.]

LYDIA R. PORTILLO, Plaintiff and Appellant, v.
G. T. PRICE PRODUCTS, INC., et al., Defendants and Respondents.

Counsel

Joseph Posner for Plaintiff and Appellant.

Katz, Simon & Weiss, Katz, Simon, Weiss & Notaras, David M. Rosman and Richard F. Seiden for Defendants and Respondents.

Opinion

**BEACH, J.—**

### Nature of Appeal:

Plaintiff appeals from judgment of dismissal after demurrer was sustained in action for wrongful discharge from employment. Plaintiff seeks to have this court declare that Labor Code section 132a is not the exclusive remedy available to her upon her claim of wrongful discharge by her employer because of her filing a workers' compensation claim for injury. We affirm.

### Discussion:

Plaintiff alleged in her complaint that she was discharged from her employment because she sought workers' compensation for injuries received in her employment. She claims $500,000 in general damages for the tort of wrongful discharge and asks for $1 million in punitive damages.

Labor Code section 132a[1] in part pertinent hereto provides that: "(1) Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because the latter has filed or made known his intention to file an application with the appeals board, or because the employee has received a rating, award or settlement, is guilty of a misdemeanor and subject to the provisions of section 4553. Any such employee shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer.... Proceedings under this section for increased compensation as provided in Section 4553, or for reinstatement and reimburse-

---

[1]All statutory references are to the Labor Code unless indicated otherwise.

ment for lost wages and work benefits, are to be instituted by filing an appropriate petition with the appeals board,... The appeals board is vested with *full* power, authority, and *jurisdiction* to try and determine finally all the matters specified in this section subject only to judicial review, except that the appeals board shall have no jurisdiction to try and determine a misdemeanor charge...." (Italics added.)

Section 4553 referred to in section 132a provides for a 50 percent increase of any compensation award up to $10,000.

Sections 5300 and 5301 set forth the basic and important policies of the state which grant the appeals board exclusive jurisdiction over matters involving workers' compensation. Section 5301 provides in pertinent part: "The appeals board is vested with full power, authority and jurisdiction to try and determine finally all the matters specified in Section 5300 subject only to the review by the courts as specified in this division." Section 5300 provides in pertinent part: "All the following proceedings shall be instituted before the appeals board *and not elsewhere,...* (a) [F]or the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." (Italics added.)

■ It would appear that by enacting those statutory provisions the Legislature intended to provide the exclusive remedy for a worker discharged in retaliation for exercising workers' compensation rights.

Plaintiff argues that there is need for and that public policy supports the type of compensation and the forum here sought for wrongful discharge. However, it appears that the Legislature has decided the answer to that particular need by enacting Labor Code section 132a. Plaintiff argues in effect that the statute is insufficient because it does not give her enough and it does not punish the employer enough. That argument should be addressed to the Legislature, not to the court. The Legislature has spoken on the very subject, i.e., how the wrong of which plaintiff complains shall be redressed.

The Workers' Compensation Act is designed to afford workers quick determination of their claims for injury without regard to the common law questions of liability, negligence or fault on the part of and other common law defenses available to the employer. The Legislature has balanced this imposition or burden on the employer by limiting the employee to seek redress in a single forum, the Workers' Compensation Appeals Board. On balance, the fact that the exclusivity of remedy be-

fore the Workers' Compensation Appeals Board is for the benefit of workers generally outweighs any occasional disadvantage that could be argued.

Plaintiff cites several cases from other jurisdictions, *Frampton* v. *Central Indiana Gas Company* (1973) 260 Ind. 249 [297 N.E.2d 425, 63 A.L.R.3d 973]; *Kelsay* v. *Motorola, Inc.* (1979) 74 Ill.2d 172 [384 N.E.2d 353] *Sventko* v. *Kroger Co.* (1976) 69 Mich.App. 644 [245 N.W.2d 151]; as well as the California cases of *Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314]; and *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].

Plaintiff's point in citing these cases is that even though other statutory provisions prohibit the conduct of the employer, involved in the cited cases, the employee is nonetheless entitled to maintain an action at law irrespective of the possibility of the availability of the workers' compensation law, *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d 465 being cited as the primary example.

The out-of-state cases are not persuasive because those jurisdictions do not have the particular type of statute as we have in California, i.e., section 132a, which specifically addresses the problem of wrongful discharge and limits the employee to pursue a claim before the Workers' Compensation Appeals Board for such discharge.

As to the California Supreme Court's decision in *Johns-Manville, supra,* there the court was faced with the question of whether or not the particular conduct of the defendant fell within the purview of section 4553 so as to make it the exclusive remedy to the plaintiff, or whether that conduct gave rise to a common law cause of action in tort. The court found that the conduct was deceitful and fraudulent (as alleged in the complaint), and held that the plaintiff had stated a cause of action in tort. That case is different from what we have at bench. In *Johns-Manville* the conduct fell outside the conduct described in section 4553. At bench the conduct falls within the conduct described expressly in section 132a.

Also, *Johns-Manville* recognizes the division of authority. While some California cases hold that when an employer's conduct falls within that expressly or impliedly described by the statute, it is to be governed

by the rule of exclusivity and limited to determination before the Workers' Compensation Appeals Board, others hold that when the conduct of the employer is different, the employee is not limited to seek redress from the Workers' Compensation Appeals Board but may file an action at law.

Here, we do not have to choose between conflicting decisions. In this case we have something not present in the other cases dealing with intentional and willful infliction of injury by the employer and the problem of whether or not it is covered by section 4553. We have, namely, the certainty of the legislative language contained in section 132a, describing the very conduct complained of here.

Plaintiff's argument that the statute does not have the word "exclusive" in it is not impressive. It seems that originally an employer could hire and fire whomever he chose. Subsequently, various statutes have inhibited the exercise of that right, some validly based upon the idea that discrimination upon race, religion, etc. was contrary to good public policy. As the court stated in *Tameny* v. *Atlantic Richfield Co., supra*, 27 Cal.3d 167: "In a series of cases arising out of a variety of factual settings in which a discharge clearly violated an express statutory objective or undermined a firmly established principle of public policy, courts have recognized that an employer's traditional broad authority to discharge an at-will employee 'may be limited by statute . . . or by consideration of public policy.'" (*Id.* at p. 172.)

The point is well summarized in respondent's brief: "Although discharging an employee for filing a workers' compensation claim may appear to rise to the level of conduct justifying a cause of action in tort for wrongful discharge, the very statute which would create the right also limits it. To reemphasize a key point in the Supreme Court's reasoning in *Tameny*, wrongful discharge must be based on either the violation of a statute or conduct contrary to firmly established principles of public policy. In the instant case, the alleged wrongful discharge is based on the violation of a statute—namely, Labor Code section 132a. The rationale of *Tameny* is to support important legislative and public policy objectives by not allowing employers to coerce employees to aid them in the violation of, for example, perjury or anti-trust laws. Permitting appellant in this action to base a tort cause of action on the violation of section 132a would undermine rather than support an important objective of that statute." Labor Code section 132a is specifically designed to apply to this instant case. If it does not apply

here, why have the statute at all? Absent a constitutional infirmity, it is not the right or duty of the courts to wholly ignore a statute and say that a different rule for the particular facts should have been written by the Legislature.

Considering the objective of achieving the most good for the most employees by a facile system of dispute resolution in employee matters, the better policy is to keep as much of the employer-employee injury claims and related matters as reasonably possible within the framework and jurisdiction of the Workers' Compensation Act and the appeals board. Allowing the present tort cause of action would be contrary to the policy of exclusivity which is generally the preferred policy.

We affirm the judgment.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1982.