[No. 7462-5-III.  Division Three.  April 16, 1987.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent,* v. VICTOR LEWIS WENDT, *Appellant.*

*Victor Lewis Wendt* and *Susan Wendt*, pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* for respondent.

MUNSON, J.—Victor Wendt assaulted Roger Heinrich while Mr. Heinrich was working, severely injuring him. The Department of Labor and Industries paid Mr. Heinrich workers' compensation benefits pursuant to RCW 51.24. For religious reasons, Mr. Heinrich assigned his cause of action to the Department which brought this action against Mr. Wendt. The jury found for the Department; Mr. Wendt and his wife appeal.[1]

The issues are whether: (1) the court erred in allowing

---

[1]Whether Mrs. Wendt was properly joined as a party at trial is not before this court; thus, we do not decide that issue. However, we note in passing an "interested" spouse may participate as a party in defending against a claim whether that spouse is sued with the other spouse or not. RCW 4.08.040; CR 20(c).

the Department to bring the action in its own name; (2) the Department's pursuit of this action violated the equal protection clause of the Fourteenth Amendment; (3) the Department's expenditures made in pursuit of this action impermissibly establish religion, thus violating Const. art. 1, § 11; and (4) the Department's expenditures made in pursuit of this action and to Mr. Heinrich constitute the impermissible lending of the credit of the State in violation of Const. art. 8, § 5. We affirm.

Mr. Wendt assaulted Mr. Heinrich while Mr. Heinrich was in the course of his employment. The Department granted his claim for workers' compensation benefits, eventually paying benefits totaling $1,123.94.

Because of his religious beliefs and his position as minister and trust officer in the Seventh–Day Adventist Church, Mr. Heinrich declined to bring his own action against Mr. Wendt, a fellow church member, pursuant to RCW 51.24-.030.[2] He assigned his cause of action to the Department pursuant to RCW 51.24.050(1).[3] The Department originally brought the action in Mr. Heinrich's name, but pursuant to Mr. Heinrich's request it moved to amend the complaint so as to name the Department as plaintiff. Although the Wendts objected to the amendment, they failed to appear at the hearing on the motion. The motion was granted.

The Wendts moved to dismiss the action, alleging it violated Const. art. 8, § 5 (lending of state credit). The motion

---

[2]Former RCW 51.24.030 provides in pertinent part:

"Action against third person—Election by injured person or beneficiary authorized—'Injury' defined. (1) If an injury to a worker for which benefits and compensation are provided under this title is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person."

[3]RCW 51.24.050 provides:

"Action against third person—Assignment of cause of action to department or self–insurer—Disposition of award or settlement—Adjustment of experience rating. (1) An election not to proceed against the third person operates as an assignment of the cause of action to the department or self–insurer, which may prosecute or compromise the action in its discretion in the name of the injured worker, beneficiary or legal representative."

was denied. The matter went to trial; the jury awarded a verdict of $10,854.94.

Thereafter, the Wendts moved for judgment notwithstanding the verdict based not only on Const. art. 8, § 5, but also Const. art. 1, § 11 (establishment of religion). In response, the Department argued the Wendts did not have standing to raise these constitutional issues. The court found standing, but denied the Wendts' motion. Judgment was entered on the verdict, plus attorney fees and costs. The Wendts appeal.

Preliminarily, the Department contends the Wendts have no standing to challenge the constitutionality of the statutes from which the Department derives its authority to make expenditures to persons injured while on the job. It maintains the Wendts do not pay industrial insurance taxes into the industrial insurance fund and, thus, they do not have standing to challenge how the Department spends those funds.

■ A person has standing to raise constitutional questions when he or she has a personal stake in the outcome of the controversy. *Marchioro v. Chaney,* 90 Wn.2d 298, 303, 582 P.2d 487 (1978). The constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. *State v. Jones,* 84 Wn.2d 823, 831, 529 P.2d 1040 (1974). The person challenging the constitutionality of a law or other governmental action must show that the particular action complained of has operated to his or her prejudice. *MacLean v. First Northwest Indus. of Am., Inc.,* 96 Wn.2d 338, 347, 635 P.2d 683 (1981). The Wendts have standing; the Department's expenditures have a direct impact upon the recovery now sought from the Wendts.

Initially, the Wendts contend the Department is not the real party in interest and therefore not entitled to bring the action for damages in its own name.[4] Because the Wendts failed to appear at the pretrial motion when the issue was

[4]At oral argument, the Department acknowledged it has some 55 of these cases pending, only 1 of which was filed in the name of the Department.

to be decided, the Department responds that any objection was waived and may not be raised on appeal. RAP 2.5(a).

■ Washington court rules do not contain a procedure for raising a real party objection and do not state when such a challenge may be made. *Walter Implement, Inc. v. Focht,* 42 Wn. App. 104, 108, 709 P.2d 1215 (1985), *rev'd on other grounds,* 107 Wn.2d 553, 730 P.2d 1340 (1987). Under analogous federal rules, the courts are divided. *See* C. Wright & A. Miller, *Federal Practice* § 1554 (1971 & Supp. 1986). Nonetheless, we need not decide that issue; assuming arguendo the issue was preserved, the Department was properly allowed to proceed under its own name as it was the assignee of Mr. Heinrich's cause of action. RCW 51.24-.050. As assignee of the claim, the Department was the real party in interest and entitled to bring the action in its own name under CR 17(a). RCW 4.08.080; *Stover v. Winston Bros. Co.,* 185 Wash. 416, 429, 55 P.2d 821, *appeal dismissed,* 299 U.S. 508 (1936); *Walter Implement, Inc.,* at 108. There was no error.

■ Next, the Wendts assert the Department's administration of RCW 51.24 in this instance was arbitrary and violated the equal protection clause of the Fourteenth Amendment. Again, they failed to raise this issue at trial. In civil cases, constitutional issues not presented at trial cannot be considered on appeal unless the issue involves the jurisdiction of the court. *Aripa v. Department of Social & Health Servs.,* 91 Wn.2d 135, 141, 588 P.2d 185 (1978). Although they do not specify how the Department violated the equal protection clause, they clearly do not challenge the court's jurisdiction.

The Wendts next argue the Department's pursuit of this action violates Const. art. 1, § 11 in that Mr. Heinrich assigned his cause of action based upon his religious beliefs which do not permit him to bring a lawsuit in his own name. That provision requires in pertinent part:

> No public money or property shall be appropriated for or applied to any religious worship, exercise or instruction, or the support of any religious establishment . . .

Under RCW 51.24.050,[5] Mr. Heinrich will receive the excess of any amount recovered by the Department above its own expenses. Because he would not have otherwise received this money, the Wendts assert the Department's pursuit of this action has the effect of supporting religion.

In determining whether a state statute impermissibly establishes religion under article 1, section 11 of our constitution, our Supreme Court has adopted the 3-prong test developed by the United States Supreme Court in making the identical determination under the first amendment to the United States Constitution. *Weiss v. Bruno,* 82 Wn.2d 199, 215-17, 509 P.2d 973 (1973) (citing *Lemon v. Kurtzman,* 403 U.S. 602, 612-13, 29 L. Ed. 2d 745, 91 S. Ct. 2105 (1971)). Under that test, a statute does not impermissibly establish religion where: (1) the statute has a secular[6] legislative purpose; (2) the statute's primary effect is to neither advance nor inhibit religion; and (3) the statute

---

[5]RCW 51.24.050 provides in part:

"(4) Any recovery made by the department or self-insurer shall be distributed as follows:

"(a) The department or self-insurer shall be paid the expenses incurred in making the recovery including reasonable costs of legal services;

"(b) The injured worker or beneficiary shall be paid twenty-five percent of the balance of the recovery made, which shall not be subject to subsection (5) of this section: *Provided,* That in the event of a compromise and settlement by the parties, the injured worker or beneficiary may agree to a sum less than twenty-five percent;

"(c) The department and/or self-insurer shall be paid the compensation and benefits paid to or on behalf of the injured worker or beneficiary by the department and/or self-insurer; and

"(d) The injured worker or beneficiary shall be paid any remaining balance.

"(5) Thereafter no payment shall be made to or on behalf of a worker or beneficiary by the department and/or self-insurer for such injury until the amount of any further compensation and benefits shall equal any such remaining balance. Thereafter, such benefits shall be paid by the department and/or self-insurer to or on behalf of the worker or beneficiary as though no recovery had been made from a third person."

[6]Secular is variously defined as: (1) "of or relating to the worldly or temporal as distinguished from the spiritual or eternal"; (2) "of or relating to the state as distinguished from the church"; (3) "not formally related to or controlled by a religious body". *Webster's Third New International Dictionary* 2053 (1969).

does not foster excessive governmental entanglement with religion. *Witters v. Washington Department of Servs. for the Blind,* 474 U.S. 481, 88 L. Ed. 2d 846, 106 S. Ct. 748 (1986). To be deemed constitutional, the challenged statute must satisfy each of these three criteria.

Application of the 3–part test leads to the conclusion that the act does not impermissibly establish religion. First, the Industrial Insurance Act was enacted for a secular purpose. *Cf. Washington State Sch. Directors Ass'n v. Department of Labor & Indus.,* 82 Wn.2d 367, 372, 510 P.2d 818 (1973) (purpose of providing industrial insurance is "to afford quick and certain relief, irrespective of fault to injured workmen"). Second, the act has no effect on religion at all; it is religiously neutral. Third, the act does not foster excessive governmental entanglement with religion since it has no connection, except as here, coincidentally, with religion. Thus, we find this contention not well taken.

Moreover, we further emphasize that we can perceive no governmental sponsorship of religion under the terms of the statute in question. The reason a person assigns a cause of action to the Department is irrelevant for purposes of the act's administration. The mere fact a person coincidentally assigns a cause of action under the statute for religious reasons does not mean the act is any less "neutral" with respect to religion.

Finally, Const. art. 8, § 5 provides: "The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation." This provision is interpreted in conjunction with Const. art. 8, § 7, which likewise precludes cities and other municipal corporations from giving "any money, or property, or loan[ing] its money, or credit to or in aid of any individual, association, company or corporation". *State Housing Fin. Comm'n v. O'Brien,* 100 Wn.2d 491, 503, 671 P.2d 247 (1983). Moreover, the two provisions are generally interpreted in a like manner. *Higher Educ. Facilities Auth. v. Gardner,* 103 Wn.2d 838, 845, 699 P.2d 1240 (1985).

The Wendts contend RCW 51.24.050 violates Const. art.

8, § 5 because the Department loans or gives credit to individuals by bringing suit on their causes of action. Thus, in cases such as here, where the injured party would not otherwise sue the third party causing the injury, the Department's necessary expenditure of fees and costs in pursuit of that claim constitutes an indirect loan or gift of credit to the individual who has elected to assign the cause of action. Not only does that party not have to expend funds to bring the action, but he or she is entitled, under RCW 51.24.050(4)(b) to receive at least 25 percent of the balance of the Department's recovery. Moreover, that person may recover any remaining balance left after the Department has recouped its benefit payments, attorney fees, and costs. RCW 51.24.050(4)(d).

For analytical purposes, Const. art. 8, § 5 may be segregated into four elements: (1) credit, (2) of the State, (3) shall not be given or loaned to or in aid of, and (4) any individual, association, company, or corporation. *Gardner,* at 847; Spitzer, *An Analytical View of Recent "Lending of Credit" Decisions in Washington State,* 8 U. Puget Sound L. Rev. 195, 197 (1984). If any one of the elements is missing, the provision is not applicable. *Gardner,* at 847.

■ Here, there was no gift of credit because in return for its expenditures in pursuing the action, the Department receives valuable consideration. This consideration is manifested in the form of the Department receiving the right to recoup (1) an amount equal to any benefits paid to the injured worker and (2) its attorney fees and costs. Moreover, in allowing the injured worker to receive any excess recovery above these amounts, the Department receives the indirect, but important, benefit of that individual's cooperation. Thus, this transaction is not a gift of credit. *Louthan v. King Cy.,* 94 Wn.2d 422, 428, 617 P.2d 977 (1980).

Likewise, the Department's payment to Mr. Heinrich or its expenditure in pursuit of this action does not constitute a loan. Unlike a loan, if the Department is not awarded a judgment against the third party, it is unable to recover its litigation and other expenses from the person to whom it

has paid benefits. Since the Department's expenditures cannot be characterized as aid in the form of either a gift or a loan, Const. art. 8, § 5 does not appear to be implicated.

■ Even if the expenditures constitute gifts or loans, Const. art. 8, § 5 does not prevent the State from expending money in exercising a "recognized governmental function." *In re Marriage of Johnson*, 96 Wn.2d 255, 261, 634 P.2d 877 (1981). As *Johnson*, at 262, provides:

> Recognized governmental functions are excepted because applying the constitutional debt limitations, such as article 8, section 5,
>> would destroy the efficiency of the agencies established by the constitution to carry out the recognized and essential powers of government. It cannot be conceived that the people who framed and adopted the constitution had such consequences in view.

(quoting *Rauch v. Chapman*, 16 Wash. 568, 575, 48 P. 253 (1897)). The provisions of the Industrial Insurance Act effectuate a recognized governmental function and therefore are constitutional. *Cf. Gardner*, at 846 (higher education is a recognized governmental function); *O'Brien*, at 498 (mortgage loan program constitutes a recognized governmental function); *Johnson*, at 263 (collection of child support for purposes of public assistance constitutes a recognized governmental function); *Washington Health Care Facilities Auth. v. Ray*, 93 Wn.2d 108, 115, 605 P.2d 1260 (1980) (necessary support to the poor or infirm constitutes a recognized governmental function). Thus, the Department's expenditures in bringing this action do not violate Const. art. 8, § 5.

We affirm.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied May 21, 1987.

Review denied by Supreme Court September 1, 1987.