848 F.2d 199
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Morna E. YOUNG, Plaintiff-Appellant,
v.
Clayton I. ROBINS, W. Neal Writer, Annette Moorehouse, Linda
Preciado, Defendants-Appellees.
and
Samuel Gordon, David Null, Chris Clark, James, Gainey, et
al. Defendants.
 No. 87-5773.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1988.*
Decided May 24, 1988.
 Before BARNES, KILKENNY and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Morna E. Young (Young) appeals an order dismissing her civil rights complaint against the California Workers' Compensation Board (Board). Young contends the court erred because she was not suing on the merits of her undecided compensation claims. She claims that the Board denied her due process by taking more than three years in the processing of her claims. This kind of bureaucratic bungling, if established, may give rise to a variety of state law remedies, but is not a per se violation of the fourteenth amendment.
 
 
 3
 Unless statutorily mandated, exhaustion of state remedies is not jurisdictional. Rodrigues v. Donovan, 769 F.2d 1344, 1348 (9th Cir.1985); Wong v. Dep't. of State, 789 F.2d 1380, 1384 (9th Cir.1986); Morrison-Knudsen Co., Inc. v. Chg Int'l., Inc., 811 F.2d 1209, 1223 (9th Cir.1987). However, even though jurisdiction of the subject matter may be present, the failure to avail oneself of efficacious state administrative proceedings may completely negate any claim that the state agency has deprived the claimant of property without due process of law. See Rodrigues at 1348-49.
 
 
 4
 Plaintiff in this case alleges no facts to show that the state agency, by color of law or otherwise, had deprived her of property. Mere opinion does not state a claim. She alleges a variety of agency negligence which may or may not be vexatious, and which may or may not be the result of state policy. She alleges a failure of the state agency's employees to do their jobs properly. Proceedings are available within the state system for aggrieved claimants to attempt to obtain expeditious processing of their claims or to learn whether there is a due process violation. Until some such attempt has been made, and has been frustrated by the defendants, the claimant cannot claim that the state has, by law, deprived her of property. For all that appears, the delay in processing her claim may be of her own making.
 
 
 5
 Plaintiff's reliance upon Rodrigues, is misplaced. In that case, the federal agency had been paying disability payments to a claimant, and without a hearing, terminated the payments. Id. at 1346. We held that the district court had subject matter jurisdiction, and remanded the case for an inquiry into the discretionary advisability of requiring the claimant to exhaust federal agency remedies before claiming a denial of constitutional rights. Id. at 1349-50. The opinion in Rodrigues by no means holds that the plaintiff may proceed beyond summary judgment merely because the court has subject matter jurisdiction.[1] There must also be a well-pleaded claim. Here the pleading does not state facts from which a viable claim can be extracted. Accordingly, while the trial court might have expressed the ruling more correctly in terms of Fed.R.Civ.P. 12(b)(6), the dismissal of the claim without prejudice was free from error.
 
 
 6
 We affirm the dismissal without prejudice. The district court may permit the filing of an amended pleading which may result in a discretionary ruling on the need to exhaust on the facts of this case.
 
 
 7
 AFFIRMED and REMANDED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the Board has exclusive jurisdiction over the merits of Young's compensation claims, see Portillo v. G.T. Price Products, 131 Cal.App.3d 285, 290, 182 Cal.Rptr. 291, 294 (1982), it does not have exclusive jurisdiction over her due process challenge to the application of its procedures. See Rodrigues, 769 F.2d at 1348