MICHAEL PAUL JONES, *Appellant*, v. INDUSTRIAL ELECTRIC–
SEATTLE, INC., ET AL, *Respondents*.

*Michael E. Ferrell* and *Taylor & McConnell,* for appellant.

*John O. Burgess, Janice E. Shave,* and *Short, Cressman & Burgess,* for respondents.

WORSWICK, J.—Michael Paul Jones appeals a summary judgment dismissing as untimely his complaint for retaliatory discharge. The dispositive issue is whether RCW 49.17.160, a section of the Washington Industrial Safety and Health Act of 1973, affords the exclusive remedy for

Jones's complaint. We affirm, holding that it does, and that Jones is bound by its time limitations.

Jones was terminated from employment on a construction project after making several complaints about unsafe working conditions. Believing that the discharge stemmed from the complaints, he filed a discrimination complaint with the Director of the Department of Labor and Industries pursuant to RCW 49.17.160(2).[1] After a Department investigation, the Director notified Jones by letter that the Department would take no action. About 2 years after receiving the Director's letter, Jones filed this action in superior court. Although his complaint purported to plead the "tort of abusive/retaliatory discharge" and the "tort of outrage," it expressly invoked the court's jurisdiction under RCW 49.17.160. The motion for summary judgment of defendant Industrial Electric–Seattle, Inc., was granted

---

[1] RCW 49.17.160 provides, in its entirety:

"Discrimination against employee filing complaint, instituting proceedings or testifying prohibited—Procedure—Remedy. (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

"(2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this section may, within thirty days after such violation occurs, file a complaint with the director alleging such discrimination. Upon receipt of such complaint, the director shall cause such investigation to be made as he deems appropriate. If upon such investigation, the director determines that the provisions of this section have been violated, he shall bring an action in the superior court of the county wherein the violation is alleged to have occurred against the person or persons who is alleged to have violated the provisions of this section. If the director determines that the provisions of this section have not been violated, the employee may institute the action on his own behalf within thirty days of such determination. In any such action the superior court shall have jurisdiction, for cause shown, to restrain violations of subsection (1) of this section and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

"(3) Within ninety days of the receipt of the complaint filed under this section, the director shall notify the complainant of his determination under subsection (2) of this section."

because of Jones's failure to bring the action within 30 days of the Director's notice, as provided in RCW 49.17.160(2).

Jones concedes that his employment was at the employer's will, and that he would have no cause of action but for the legislative policy declared in RCW 49.17.160. He contends, nevertheless, that he is free to bring an action without regard to the time constraints of that section. He relies heavily on *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 685 P.2d 1081 (1984).[2] His reliance is misplaced.

So far as it applies here, *Thompson* created, as a narrow exception to the employment at will doctrine, a tort of wrongful discharge where the discharge contravenes a clear mandate of public policy. *Thompson*, 102 .Wn.2d at 232. The opinion was cautiously worded, however, and the court did not purport to deal with a policy arising from a statute that also supplied a remedy for violation of the policy. In *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 367, 753 P.2d 517 (1988), the court, finding it unnecessary to do so, expressly declined to decide that question. Because it is squarely presented here, we deal with it now.

It is axiomatic that

> . . . the courts may only . . . legislate in fields left vacant by the legislature. A legislative enactment, intended to be comprehensive upon a subject, pre–empts that field, with the result that the court's constitutional function with regard to it is thereafter limited to an interpretation of what the legislature meant by the language used in the statute.

*Windust v. Department of Labor & Indus.*, 52 Wn.2d 33, 36, 323 P.2d 241 (1958). RCW 49.17.160 both states a policy

---

[2]Jones also attempts to avoid the operation of the section by arguing that it is ambiguous, and that it is permissive, *i.e.*, he can use it if he wishes, but can proceed independently of it if he wishes. It is not ambiguous. It is not permissive, either. The word "may," as used twice in subsection (2), means only that the employee has a choice between complaining or not. If he complains, he must follow the procedure set forth in the statute. *Cf. Haynes v. Seattle Sch. Dist. 1*, 111 Wn.2d 250, 758 P.2d 7 (1988) (time limit in appeal statute binding, notwithstanding use of word "may"; statute could not be circumvented by suing for breach of contract).

and affords a remedy. Whether the action contemplated by the statute is brought by the Department or by the employee, the court is empowered to order "all appropriate relief." A more comprehensive remedy could not be imagined, and there is no room for "judicial legislation." The statute is binding in all aspects. Jones's failure to observe the time limit for commencement of a private action doomed his claim. *Accord, Portillo v. G.T. Price Prods., Inc.,* 131 Cal. App. 3d 285, 182 Cal. Rptr. 291 (1982); *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187 (3d Cir. 1977), *cert. denied,* 439 U.S. 821 (1978). Compare *Brown v. Transcon Lines,* 284 Or. 597, 588 P.2d 1087 (1978) (incomplete remedy provided by statute did not abrogate preexisting common law remedy). *See also Brockmeyer v. Dun & Bradstreet,* 113 Wis. 2d 561, 335 N.W.2d 834, 842 n.17 (1983).

█ Jones's additional contentions can be disposed of briefly. He attacks the statute on constitutional vagueness and equal protection grounds, but he did not raise those contentions in the Superior Court. He may not do so here. In civil cases, a constitutional challenge may not routinely be raised for the first time on appeal unless it relates to the court's jurisdiction. *Aripa v. Department of Social & Health Servs.,* 91 Wn.2d 135, 141, 588 P.2d 185 (1978); *Department of Labor & Indus. v. Wendt,* 47 Wn. App. 427, 431, 735 P.2d 1334, *review denied,* 108 Wn.2d 1034 (1987). These challenges do not; we will not consider them.[3]

Finally, we find no basis in law or fact for Jones's assertion that the 30–day limitation period should be tolled for equitable reasons. The statute is clear on its face, notwithstanding Jones's apparent claim that he did not understand his rights. *See Wood v. Gibbons,* 38 Wn. App. 343, 685 P.2d 619, *review denied,* 103 Wn.2d 1009 (1984). Jones was not

---

[3]The limited exception allowed by RAP 2.5(a) relates to *manifest, i.e.,* evident, visible and plain errors. 2 Bouvier's Law Dictionary 2083. Clear violations of due process fit this exception. *See Conner v. Universal Utils.,* 105 Wn.2d 168, 712 P.2d 849 (1986); *Esmieu v. Schrag,* 88 Wn.2d 490, 563 P.2d 203 (1977). Jones's arguments do not expose any manifest error.

deceived or misled by anyone, nor was anything concealed from him. *Stueckle v. Sceva Steel Bldgs., Inc.,* 1 Wn. App. 391, 461 P.2d 555 (1969).

Affirmed.

PETRICH, A.C.J., and REED, J., concur.