[No. 10448-6-III. Division Three. February 12, 1991.]

MICHAEL R. MORAN, *Appellant,* v. WASHINGTON FRUIT &
PRODUCE, *Respondent.*

*Rodney K. Nelson* and *Abeyta & Nelson,* for appellant.

*Ryan M. Edgley* and *Lofland & Associates,* for respondent.

MUNSON, J.—Michael R. Moran appeals the dismissal of his suit for unlawful discharge contending the administrative complaint process provided by the Industrial Insurance Act, specifically RCW 51.48.025(2), does not preclude an independent tort action. We affirm.

Mr. Moran was employed by Washington Fruit & Produce (WFP) for 10 years. In August 1983, WFP moved to a new warehouse. Mr. Moran's new office was inside the warehouse where propane powered forklifts passed by frequently. The office had no outside ventilation. He began to suffer severe headaches, dizziness, and weakness. WFP installed a filter and fan in the office in an attempt to correct the problem. The symptoms continued and Mr. Moran went to his physician on May 13, 1988. His physician determined his blood carboxyhemoglobin (carbon monoxide) level was 33. Anything above a level of 25 is life threatening. His physician advised him not to return to work because he would be in danger of having a stroke. Mr. Moran returned to work the next day and completed a 1–hour shift. Afterward, he told his supervisors he was going to file a workers' compensation claim. Mr. Moran asserts his supervisors told him to turn over his keys as his employment was terminated.

On June 6, 1988, Mr. Moran was released by his physician to return to work. On June 11, he met with WFP supervisors to discuss whether he still had a job or could have his job back. WFP imposed severe limitations on Mr. Moran if he returned. He then said, "If you want me to leave, I'll just leave." In response, a WFP supervisor said Mr. Moran would be paid for the rest of the pay period.[1] Mr. Moran later filed a claim in superior court for wrongful discharge. He also filed a claim for his condition with the Department of Labor and Industries. WFP did not oppose that filing.

WFP subsequently filed a motion for summary judgment dismissal; it was denied. Upon motion for reconsideration, the court reversed itself and granted summary judgment finding Mr. Moran had not exhausted his administrative remedies under RCW 51.48.025(2).

---

[1]Mr. Moran was paid for the rest of the pay period and 2 weeks' vacation time.

██ ██ The Supreme Court recognizes "a cause of action in tort for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy." *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 232, 685 P.2d 1081 (1984). This is a narrow public policy exception. *Grimwood v. University of Puget Sound, Inc.,* 110 Wn.2d 355, 367, 753 P.2d 517 (1988). It does not extend to those instances in which a statute "both states a policy and affords a remedy." *Jones v. Industrial Elec.–Seattle, Inc.,* 53 Wn. App. 536, 538–39, 768 P.2d 520 (1989). The Industrial Insurance Act, RCW Title 51, establishes a quid pro quo compromise between employees and employers in which the employee gives up common law actions and remedies and the employer pays some claims for which it would not be liable under the common law. *Wolf v. Scott Wetzel Servs., Inc.,* 113 Wn.2d 665, 668–69, 782 P.2d 203 (1989). The act accomplished this through an exclusive remedy provision, RCW 51.04.010.[2] *Wolf,* at 669. RCW 51.48.025[3]

---

[2]Washington courts have interpreted RCW 51.04.010, which makes Title 51 remedies exclusive. *See West v. Zeibell,* 87 Wn.2d 198, 550 P.2d 522 (1976) (the statute bars an action under RCW 4.24.010 for wrongful death of child worker); *Ash v. S.S. Mullen, Inc.,* 43 Wn.2d 345, 261 P.2d 118 (1953) (spouse of injured worker barred by workers' compensation statute from recovering for loss of consortium), *overruled in part in Lundgren v. Whitley's Inc.,* 94 Wn.2d 91, 614 P.2d 1272 (1980) (overruled on basis that a wife's, as well as a husband's, right to damages for loss of consortium was protected by the Fourteenth Amendment); *Deeter v. Safeway Stores, Inc.,* 50 Wn. App. 67, 747 P.2d 1103 (1987) (employees barred from bringing suit under the Consumer Protection Act for employer's action in delaying settlement of claims), *review denied,* 110 Wn.2d 1016 (1988). *But see Cagle v. Burns & Roe, Inc.,* 106 Wn.2d 911, 920–21, 726 P.2d 434 (1986) (employee may recover for the tort of intentional infliction of emotional distress caused by termination of employment in violation of public policy); *Deeter,* at 75–76 (employees may bring action for tort of outrage based upon administration of claims).

[3]RCW 51.48.025 provides:

"(1) No employer may discharge or in any manner discriminate against any employee because such employee has filed or communicated to the employer an intent to file a claim for compensation or exercises any rights provided under this title. . . .

"(2) Any employee who believes that he or she has been discharged or otherwise discriminated against by an employer in violation of this section *may file* a

implements a public policy of protecting employees' rights to file claims for workers' compensation. Therefore, the procedure in RCW 51.48.025 is a remedy provision which creates an exclusive remedy. It sets forth the procedure to be followed when an employee believes his rights under the statute have been denied. Mr. Moran did not follow that procedure; he did not file a claim with the Director pursuant to RCW 51.48.025(2).

Although Mr. Moran contends the words "may file" in RCW 51.48.025(2) indicate the statutory procedure is permissive, *Jones* interpreted a statute[4] with substantially similar language, and held this language created a remedy which prevented the application of the public policy exception established in *St. Regis. Jones* involved an interpretation of the Washington Industrial Safety and Health Act of 1973, RCW 49.17.160. That act provides for filing a complaint with the Director within 30 days after a violation occurs; if the Director determines no violation has occurred, the employee has 30 days in which to file his own action in

---

complaint with the director alleging discrimination within ninety days of the date of the alleged violation. Upon receipt of such complaint, the director shall cause an investigation to be made as the director deems appropriate. Within ninety days of the receipt of a complaint filed under this section, the director shall notify the complainant of his or her determination. If upon such investigation, it is determined that this section has been violated, the director shall bring an action in the superior court of the county in which the violation is alleged to have occurred.

"(3) If the director determines that this section has not been violated, the employee may institute the action on his or her own behalf.

"(4) In any action brought under this section, the superior court shall have jurisdiction, for cause shown, to restrain violations of subsection (1) of this section and to order all appropriate relief including rehiring or reinstatement of the employee with back pay." (Italics ours.)

[4]RCW 49.17.160(2) provides in pertinent part:

"Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this section may, within thirty days after such violation occurs, file a complaint with the director alleging such discrimination. Upon receipt of such complaint, the director shall cause such investigation to be made as he deems appropriate."

superior court. It is the failure to file his own action which raised the issue in *Jones*. Here, no initial complaint was made to the Director. Mr. Moran cannot maintain an action based on the *St. Regis* exception because the statutory remedy exists.

Mr. Moran has directly raised two constitutional challenges to RCW 51.48.025, based on his rights to equal protection and due process of law. Both the statute in *Jones* and the statute in this case provide narrow remedies and shorten the statute of limitation applicable to workers alleging discharge in violation of the statute.

Mr. Moran argues RCW 51.48.025(2) violates his right to equal protection under the law. He argues the statute divides the class of employees seeking a remedy for retaliatory discharge in violation of public policy into those who assert workers' compensation rights and those who assert other legal rights. He further argues the statute irrationally restricts the time period in which a class of discharged workers could initiate legal action to redress their injuries merely because they were discharged for asserting workers' compensation rights.

In any equal protection analysis, this court must first determine the proper standard for review of the challenged legislation. *Skagit Motel v. Department of Labor & Indus.*, 107 Wn.2d 856, 859, 734 P.2d 478 (1987). Since RCW 51.48.025(2) does not involve a suspect classification nor a fundamental right, the rational basis test and its minimum level of scrutiny is applicable. *Myrick v. Board of Pierce Cy. Comm'rs*, 102 Wn.2d 698, 701, 677 P.2d 140, 687 P.2d 1152 (1984).

Under the rational basis test, an equal protection analysis consists of three questions:

(1) whether the legislation applies alike to all members within the designated class; (2) whether there are reasonable grounds to distinguish between those within and those without the class; and (3) whether the classification has a rational relationship to the purpose of the legislation.

*Convention Ctr. Coalition v. Seattle,* 107 Wn.2d 370, 378–79, 730 P.2d 636 (1986) (citing *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 835–36, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980)).

 First, the challenger has the burden of proving it does not treat those within the class similarly. *Skagit Motel,* at 860. Here, the designated class is employees who have been discharged for asserting workers' compensation rights. Nothing in the record indicates workers within the designated class are treated dissimilarly.

Second, "[s]o long as the 'classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.'" *Forbes v. Seattle,* 113 Wn.2d 929, 944, 785 P.2d 431 (1990) (quoting *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 527, 3 L. Ed. 2d 480, 79 S. Ct. 437 (1989)). A statute will be upheld if the court can conceive the existence of any state of facts to justify it. *State v. Brayman,* 110 Wn.2d 183, 193, 751 P.2d 294 (1988). Those facts will be presumed to exist. *Forbes,* at 946. To protect the integrity of the workers' compensation system by allowing intervention of the Department of Labor and Industries in meritorious claims is a rational reason to designate the class.

Last, the difference in treatment between those within and those without the designated class must serve the purposes intended by the legislation. *Yakima Cy.,* at 836. To prevail, Mr. Moran "must show conclusively that the classification is contrary to the legislation's purposes." *Yakima Cy.,* at 836. Although the legislative history is inconclusive, it reflects lawmakers' concern that the problem of retalitory discharge be addressed while restraining the potential for frivolous lawsuits.[5] The trial court's interpretation of RCW

---

[5]*See* House Journal, 49th Legislature (1985), at 1280, and Tape of Proceeding re: Engrossed Substitute House Bill 1089, Second and Third Reading and Final Passage (Apr. 9, 1985):

"Mr. Wang: 'This amendment clarifies the provisions dealing with the discrimination where a worker . . . feel[s] that he or she has been discriminated

51.48.025 is consistent with this goal. RCW 51.48.025 does not violate Mr. Moran's right to equal protection of the laws.

Mr. Moran also argues the statute is vague and does not give fair notice that filing a complaint with the Department of Labor and Industries is a mandatory prerequisite to the filing of a complaint in court. A statute must give fair warning of what it forbids or requires, *State v. Reader's Digest Ass'n, Inc.*, 81 Wn.2d 259, 273, 501 P.2d 290 (1972), *appeal dismissed*, 411 U.S. 945 (1973), but a statute is not required to meet impossible standards of specificity. *Gibson v. Auburn*, 50 Wn. App. 661, 748 P.2d 673, *review denied*, 110 Wn.2d 1028 (1988). "If, within the context of its use, the language of a statute gives fair warning of what is required, then it will satisfy the demands of due process." *Gibson*, at 667.

Mr. Moran seeks to narrow the context interpreting the statute to a contrast between the phrases "may file" and "shall investigate". However, in determining whether statutory language is vague, Washington courts have taken a broad view of the law "giving shape and definition to the words and phrases challenged . . .". *Reader's Digest*, at 274. RCW 51.48.025(2) should be interpreted in light of the entire statute. Such an interpretation is consistent with the rules of statutory construction which indicate "that a word which is capable of more than one meaning takes its meaning in a given case from the context in which it is used." *Roza Irrig. Dist. v. State*, 80 Wn.2d 633, 641, 497 P.2d 166 (1972). Subsection (3) of the statute provides that if the Director finds the statute has not been violated (and thus

against for exercising lawful rights under workers' compensation laws . . . the amendment would change the system so that there would be no incentive for workers, under any circumstances, . . . to try and gum up the works by filing frivolous complaints, this instead would have the director of the department conduct a hearing to determine if there has been compliance or violation of the statutes. It addresses the problems of discrimination while doing it administratively and keeping it out of the courts as much as possible and while doing it in as an efficient manner as possible. I would urge your support.'"

does not file suit), the employee "may institute the action on his or her own behalf". This if/then language indicates the prerequisite nature of the complaint to the Director. In addition, a person of ordinary intelligence would understand the "may file" language in subsection (2) of the statute indicates the employee's elective right to either pursue or drop the claim. We therefore find the language of RCW 51.48.025, when read as a whole, is not unconstitutionally vague and creates an exclusive remedy.

We affirm the dismissal of Mr. Moran's complaint.

GREEN, C.J., and SHIELDS, J., concur.

Review granted at 116 Wn.2d 1023 (1991).