[No. 3805–II.   Division Two.   January 31, 1980.]

GERARD N. FISHER, *Appellant,* v. C. DANNY CLEM, *Respondent.*

*Michael Misner,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Ronald A. Franz, Deputy,* for respondent.

*Jacob A. Mikkelborg,* amicus curiae.

PEARSON, J.—District Court Judge Gerard Fisher (petitioner) sought mandamus in the trial court to compel the Kitsap County Prosecutor to sue or appoint a special pros-

ecutor to sue the Board of County Commissioners of that county. His contention was that the Board of County Commissioners' action in refusing to provide funding for two of three district court probation officers and a secretary–clerk for 1978 violated state law as well as the state constitution. He contends that the budget reductions interfered with the court's ability to perform its statutory and constitutional duties in violation of the separation of powers doctrine. When the prosecuting attorney refused petitioner's request, the present action was commenced.

The case was heard by the trial court with neither party offering any oral testimony. Both parties, however, submitted affidavits with attached correspondence between them pertaining to the proposed suit. Both also submitted extensive briefs on what each perceived to be the legal issues presented.

In sum, petitioner contended that the sole issue properly before the court "is whether or not the statute [RCW 36.27.020][1] . . . obligates the Prosecuting Attorney . . . to represent District Court two" in bringing a mandamus action against the commissioners because of the budget reduction.

---

[1]RCW 36.27.020 provides in part as follows:

"The prosecuting attorney shall:

"(1) Be legal adviser of the board of county commissioners, giving them his written opinion when required by the board or the chairman thereof touching any subject which the board may be called or required to act upon relating to the management of county affairs;

"(2) Be legal adviser to all county and precinct officers and school directors in all matters relating to their official business, and when required he shall draw up all instruments of an official nature for the use of said officers;

"(3) Appear for and represent the state, county, and all school districts subject to the supervisory control and direction of the attorney general in all criminal and civil proceedings in which the state or his county or any school district in his county may be a party;

"(4) Prosecute all criminal and civil actions in which the state or his county may be a party, defend all suits brought against the state or his county, and prosecute actions upon forfeited recognizances and bonds and actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or his county;"

The prosecutor contended that RCW 36.27.020 does not compel him to bring *civil* actions on behalf of county officers where, in his judgment and discretion, such suit lacks merit. He contended that he had "diligently considered the merits of Relator's proposed suit" and concluded that it lacked merit. The prosecutor also contended that since he was legal adviser for the Board of County Commissioners there was an irreconcilable conflict of interest if he were to sue them or appoint a special prosecutor to do so.

After extensive oral argument, the trial court entered findings of fact, conclusions of law, and a judgment dismissing the action. Three findings are challenged on appeal. In the first two findings, the court found that although the dollar amount of the district court proposed 1978 budget had been cut approximately $3,500 from its 1977 level, the commissioners did not dictate to the court which of its services should be affected. In the third, the trial court found that the prosecutor had considered the merits of relator's proposed suit and concluded that it lacked merit.

In its legal conclusion, the court ruled that the prosecutor has discretion in bringing civil lawsuits, that the discretion was properly exercised in this instance "after careful consideration of the facts and circumstances," and that "mandamus does not lie to compel the institution and maintenance of a lawsuit which would be without merit." The court also concluded that ethical problems would arise were the prosecutor to bring the suit, and that mandamus does not lie to compel the prosecutor to perform an illegal act.

Finally, the trial court concluded that petitioner did not demonstrate that the district court has any "inherent . . . authority to have a probation department" and therefore failed to demonstrate the merits of his proposed action against the Board of County Commissioners.

All of these legal conclusions are challenged on appeal, either by petitioner or by amicus curiae, the Washington State Magistrates Association.

■ We do not find it necessary to address many of the legal issues which the parties raise because of the procedural posture of this case. Since there was no oral evidence offered for or against the petition, the proceedings took the form of a summary judgment. CR 56(c). Accordingly, the findings of fact and conclusions of law entered will be treated as surplusage. The question on appeal is whether the affidavits and other supporting material warranted a summary judgment of dismissal. We affirm the dismissal.

■ RCW 36.27.020 does not specifically compel the prosecutor to bring any civil suit. If it were construed in that manner, the prosecutor might, at the insistence of any county officer, be required to violate both his oath as an attorney and the Code of Professional Responsibility, both of which preclude the counseling or maintaining of frivolous suits. (CPR) DR 7–102(A)(2). We therefore hold that the prosecutor's maintenance of any civil proceedings under RCW 36.27.020 is discretionary. *Bates v. School Dist. 10,* 45 Wash. 498, 88 P. 944 (1907).[2]

■ In addition to the discretion vested in the prosecutor whether to initiate a civil suit on behalf of a county officer, RCW 36.27.040 vests the prosecutor with discretion to decide whether he should appoint a special prosecutor. That statute provides that the prosecutor "may" appoint one or more special deputy prosecuting attorneys and may revoke such appointments at will.

Mandamus lies to compel discretionary acts of public officials when they have totally failed to exercise their discretion to act, and therefore it can be said they have acted in an arbitrary and capricious manner. Once officials have exercised their discretion, mandamus does not lie to force them to act in a *particular manner.*

*Aripa v. Department of Social & Health Servs.,* 91 Wn.2d 135, 140, 588 P.2d 185 (1978).

■ The undisputed facts brought before the trial court show that the prosecutor did exercise his discretion. The

---

[2]*Cf. Harter v. King County,* 11 Wn.2d 583, 119 P.2d 919 (1941), which holds that the statute requires the prosecutor to defend all actions against the county.

petition for mandamus and the appended correspondence disclose that no facts were supplied to the prosecutor by petitioner which would establish that probation services are essential to the exercise of the district court's function; rather, petitioner demanded the prosecutor sue or appoint a special prosecutor to sue the commissioners, without any supporting factual information. Petitioner took the same position in the case at bench, contending, also without any supporting data, that district courts are entitled to probation services as a matter of constitutional and statutory mandate. The logic in this contention is faulty. There is neither a constitutional nor a statutory mandate requiring *supervised* probation. The fact that district courts are empowered to grant suspended or deferred sentences for misdemeanant offenses[3] carries no corresponding obligation on the counties to provide supervision for those granted probation. In fact, RCW 36.01.070[4] clearly makes such services discretionary with the counties.

■ When it is sought by mandamus to compel a prosecuting attorney to exercise his discretion to maintain a civil suit, we hold the petition and/or the evidence must disclose a clear case, and an arbitrary or unreasoning refusal by the prosecutor to pursue it. *See State ex rel. Brown v. Warnock,* 12 Wn.2d 478, 122 P.2d 472 (1942). *See also State ex rel. Cummings v. Johnson,* 105 Wash. 93, 177 P. 699 (1919). Where no factual showing has been made clearly demonstrating that the budget cut (in this instance $3,500) would impair the district court's ability to perform its constitutional and statutory function or that the funds were cut in violation of the constitution or laws, or done arbitrarily or

---

[3]*See* RCW 3.66.067, RCW 3.66.068 and RCW 3.66.069.

[4]RCW 36.01.070 provides:
"Notwithstanding the provisions of chapter 72.01 RCW or any other provision of law, counties may engage in probation and parole services and employ personnel therefor under such terms and conditions as any such county shall so determine."

capriciously, the prosecutor was warranted under his discretionary authority to refuse to bring a mandamus action to compel such action.

We do not agree to petitioner's suggestion that we now remand the case for an evidentiary hearing on the merits of his proposed suit against the county commissioners. Since petitioner contended against an evidentiary hearing when the matter was heard by the trial court, we decline to order such a remand. *See Herberg v. Swartz,* 89 Wn.2d 916, 578 P.2d 17 (1978). In any event, the merits of a controversy over the 1978 Kitsap County budget are now moot. *See State ex rel. Tacoma v. Rogers,* 32 Wn.2d 729, 203 P.2d 325 (1949); *Leonard v. Bothell,* 87 Wn.2d 847, 557 P.2d 1306 (1976).

Judgment affirmed.

REED, C.J., and PETRIE, J., concur.