550

[No. 16502-0-I.   Division One.   April 29, 1987.]

FRANK W. NICHOLS, *Respondent*, v. SNOHOMISH COUNTY, *Appellant.*[†]

*Seth R. Dawson, Prosecuting Attorney,* and *John T. Dalton, Deputy,* for appellant.

*Keith Campbell Thomson* and *Clinton, Fleck & Glein,* for respondent.

---

[†]This opinion was reported in the advance sheets of the Washington Appellate Reports as *Snohomish County v. Nichols.*

ARMSTRONG, J.*—

STATEMENT OF FACTS

Appellant Snohomish County appeals a judgment directing reemployment of respondent Frank Nichols as a Snohomish County Deputy Sheriff.

Respondent Nichols was employed from 1975 to January 1983 as a Snohomish County Deputy Sheriff. In 1980 he joined the Washington National Guard. Early in 1982 he explored the possibility of entering helicopter flight training through the United States Army Reserve. He submitted a formal application, and on December 13, 1982, received written orders from the United States Army Reserve directing him to report to Fort Rucker, Alabama, on January 25, 1983, for the purpose of attending helicopter flight school.

On December 15, 1982, Nichols first met with Snohomish County Sheriff Dodge and orally requested a leave of absence to attend the flight school. The sheriff made no decision with respect to the request and instructed Nichols to submit a formal written request for leave.

Nichols submitted the written request for leave of absence without pay January 6, 1983. On January 14, 1983, he was ordered by Snohomish County Undersheriff Engelbretson to be present in the office of Sheriff Dodge on Monday, January 17, 1983. Engelbretson told Nichols that failure to report to the sheriff's office on that day would result in termination of his employment.

After making clear that he understood he would lose his job if he went to helicopter training school, Nichols began his trip to Alabama, departing Everett January 17, 1983. His employment was terminated by letter from the sheriff dated January 31, 1983, on the grounds of failure to obey

---

*Judge Sharon S. Armstrong is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

an order, being absent without leave, and conduct unbecoming a deputy sheriff.

Nichols appealed his termination to the Snohomish County Civil Service Commission. The Commission affirmed the sheriff's decision by order dated April 14, 1983.

Nichols subsequently completed training in the United States Army Reserve in October 1983 and returned to Everett. Shortly thereafter, he sent a certified letter to the sheriff requesting reinstatement. This request was denied.

Nichols then requested the Snohomish County Prosecutor's Office to bring an action under state law for his reinstatement; the prosecutor denied this request.

Nichols then retained private counsel and sued the County. Judgment was entered in favor of Nichols in May 1985, awarding reinstatement, back wages and other benefits, and attorney fees. The County appeals. We affirm.

## Issues

1. Is Nichols estopped from pursuing reemployment remedies under RCW 73.16 because he did not appeal a Civil Service Commission ruling?

2. Is the federal "rule of reason" applicable to RCW 73.16.033, barring Nichols from seeking reemployment after an absence of more than 90 days?

3. Did the trial court err in finding that Nichols was terminated for entering the armed services rather than for failure to obey an order, being absent without leave and conduct not becoming a deputy sheriff?

4. Was Nichols entitled to attorney fees because the Snohomish County Prosecutor failed to represent him in the action?

5. Did the amount of attorney fees awarded Nichols constitute an abuse of discretion?

## Discussion

Issue 1: Appellant Snohomish County contends that because Nichols did not appeal the Civil Service Commission ruling, his termination was justified, he did not exhaust his administrative remedies, and therefore is

estopped from pursuing the superior court action for reinstatement. Nichols contends that the action for reinstatement is independent of any remedies available through the Civil Service Commission and that the Commission did not rule on Nichols' reemployment rights. We agree with Nichols.

The Snohomish County Civil Service Commission is a creature of statute and is necessarily limited to the powers and duties authorized by the Legislature. *Human Rights Comm'n v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 641 P.2d 163 (1982); *Cole v. Utilities & Transp. Comm'n*, 79 Wn.2d 302, 485 P.2d 71 (1971). Under RCW 41.14.060, the enabling legislation, the Civil Service Commission has no authority to hear or determine issues arising under the Veterans' Reemployment Rights Act. Consequently, any determination by the Commission as to veterans' reemployment rights would not be res judicata as to a later judicial determination of the same issue. *Peterson v. Department of Ecology*, 92 Wn.2d 306, 596 P.2d 285 (1979); *State v. Dupard*, 93 Wn.2d 268, 609 P.2d 961 (1980).

Moreover, the Veterans' Reemployment Rights Act, under which Nichols asserts his right to reinstatement, expressly provides that actions to enforce the act shall be maintained in the superior court of the county in which the employer is located:

> In case any employer, his successor or successors fails or refuses to comply with the provisions of RCW 73.16-.031 through 73.16.061, the prosecuting attorney of the county in which the employer is located shall bring action in the superior court to obtain an order to specifically require such employer to comply with the provisions hereof, and, as an incident thereto, to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful act. Any such person who does not desire the services of the prosecuting attorney may, by private counsel, bring such action.

RCW 73.16.061. This places original jurisdiction of cases arising under RCW 73.16 in the courts and not in an administrative agency.

Furthermore, the trial court found and we agree that the Civil Service Commission made no decision concerning Nichols' reemployment rights under the act. Consequently, Nichols' failure to appeal the Commission's 1983 decision does not estop him from bringing this action in superior court.

ISSUE 2: Nichols sought relief under RCW 73.16.033[1] which provides for reemployment of veterans following military service. The County contends this statute is to be interpreted according to a "rule of reason" established in federal court decisions interpreting a similar federal law, 38 U.S.C. § 2024, which requires that the training period for which leave of absence is given must be reasonable both in the context of the reserve military obligation and the requirements of the employer. *See Lee v. Pensacola,* 634 F.2d 886 (5th Cir. 1981). Nichols contends that this "rule of reason" does not apply to interpreting the Washington statute because the statute is clear on its face and because it is not substantially similar in language to the federal law.

The County relies on *Clark v. Housing Auth.,* 25 Wn.2d 419, 171 P.2d 217 (1946) which held that an earlier version of the state veterans' reemployment statute was adopted from the Federal Selective Training and Service Act of

[1]RCW 73.16.033 provides:

"Any person who is a resident of this state and who voluntarily or upon demand, vacates a position of employment to determine his physical fitness to enter, or, who actually does enter upon active duty or training in the Washington National Guard, the armed forces of the United States, or the United States public health service, shall, provided he meets the requirements of RCW 73.16.035, be reemployed forthwith: *Provided,* That the employer need not reemploy such person if circumstances have so changed as to make it impossible, unreasonable, or against the public interest for him to do so: *Provided further,* That this section shall not apply to a temporary position.

"If such person is still qualified to perform the duties of his former position, he shall be restored to that position or to a position of like seniority, status and pay. If he is not so qualified as a result of disability sustained during his service, or during the determination of his fitness for service, but is nevertheless qualified to perform the duties of another position, under the control of the same employer, he shall be reemployed in such other position: *Provided,* That such position shall provide him with like seniority, status, and pay, or the nearest approximation thereto consistent with the circumstances of the case."

1940, 50 U.S.C. § 308, and therefore the state version of the law would be construed in the same manner as the federal statute. The *Clark* court relied on *State v. Tranchell,* 164 Wash. 71, 2 P.2d 64 (1931), which held that when a state statute "was taken," almost word for word, from a federal statute, federal interpretations would apply.

> It must be presumed that when the legislature enacted § 2059, *supra,* which is substantially a literal reproduction of the Federal statute, *supra,* it took into consideration the numerous interpretations and constructions placed thereon by the United States courts.

*State v. Tranchell,* 164 Wash. at 75.

■ In this case, however, the version of the state law under which Nichols seeks relief is not "substantially a literal reproduction of the Federal statute". The federal act considered in *Clark* was amended in 1948 by 50 U.S.C. app. § 459 and again in 1960, 50 U.S.C. app. § 459(g)(4), to substantially its current version. In 1974, the statute was recodified as 38 U.S.C. § 2024, and the act was amended to provide full coverage to veterans who had been employed by states and their political subdivisions.

The Washington statute at issue in *Clark* has also been repealed. It was amended in 1953 and replaced by RCW 73.16.033. Laws of 1953, ch. 212, § 2. Significantly, in 1969, an amendment was added to RCW 73.16.035 by Laws of 1969, ch. 16, § 1. This amendment added the provision that a veteran must return and reenter his position of employment within 3 months after serving *4 years* or less. There is no similar provision in the federal law.

Moreover, the legislative history on which the *Pensacola* court relied in establishing a "rule of reason" was congressional history indicating that 38 U.S.C. § 2024(d) "was designed to accommodate trainees absent from employment for periods lasting 30, 60, or 90 days." *Lee v. Pensacola, supra* at 888–89, quoting *Peel v. Department of Transp.,* 443 F. Supp. 451 (N.D. Fla. 1977).

In view of the substantial difference between the federal and state laws we decline to adopt a "rule of reason"

analysis which would contravene express requirements of the state statute.

ISSUE 3: The County argues that Nichols was fired before he vacated his position. The trial court found that Nichols had voluntarily left town on January 17, 1983, and his employment was not officially terminated until the end of January 1983, 2 weeks later. We agree with the trial court that Nichols voluntarily vacated his position to attend flight training school and he was terminated by the County as a result thereof.

ISSUE 4: The County contends that the prosecutor properly exercised discretion in declining to represent Nichols in the superior court action and therefore could not be subject to an action to compel the prosecutor to represent him. The County further argues that RCW 73.16.061 does not authorize an award of attorney fees against the County for failure to represent and, in any case, the County is immune from such liability.

The respondent argues that the prosecutor improperly exercised discretion because the office was representing the Snohomish County Sheriff's Department in the same case and therefore should have appointed a special prosecutor to represent Nichols.

■ RCW 73.16.061 imposes a mandatory obligation on county prosecutors to represent veterans seeking reinstatement under the Veterans' Reemployment Rights Act. It is undisputed that the Snohomish County Prosecuting Attorney's Office is the legal advisor and attorney for the Snohomish County Sheriff's Office. RCW 36.27.005. The prosecuting attorney could not, in the fair exercise of his professional duties, give an impartial and unbiased evaluation of Nichols' case. The conflict of interest was clear and the prosecuting attorney had an ethical obligation to step aside in favor of an independent special prosecutor. RPC 1.7; CPR DR 5-105. The fees expended by Nichols in retaining private counsel are therefore recoverable as the equivalent of legal services the prosecutor was directed by statute to provide but refused. We thus reject the County's

immunity argument. It would clearly defeat the purpose of RCW 73.16.061 to allow the County to shift the burden of providing legal representation to a plaintiff whose claim proves to be meritorious.

ISSUE 5: Setting the amount of attorney fees rests with the sound discretion of the trial court. *In re Renton*, 79 Wn.2d 374, 485 P.2d 613 (1971); *State v. Roth*, 78 Wn.2d 711, 479 P.2d 55 (1971). While the trial judge did not enter findings as to the specific factors identified in RPC 1.5 (formerly DR 2-106 of the Code of Professional Responsibility), it is obvious from his presiding over the case that he was familiar with the time and labor required in the representation, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly, the amount involved, and the results obtained. It is evident from the pleadings filed with the court that he also considered the number of hours spent, the particular services on which those hours were expended, the customary fee charged by Nichols' attorney, and the prevailing fees in the geographic market. Since these factors were obviously considered, we see no purpose in remanding this aspect of the case for further findings and conclude on the basis of the record that the trial court did not abuse its discretion.

Nichols, as prevailing party in this appeal, is entitled to recover costs and reasonable attorney fees in the amount of $4,700, comprised of 47 hours of legal representation expended in the preparation and argument of this appeal. Nichols is not entitled to recover for services rendered in connection with efforts to obtain his Law Enforcement Officers' and Fire Fighters' disability benefits.

The judgment is affirmed.

WILLIAMS, J., and ENNIS, J. Pro Tem., concur.

Review granted by Supreme Court July 1, 1987.