[No. 53996–1. En Banc. December 10, 1987.]

FRANK W. NICHOLS, *Respondent,* v. SNOHOMISH COUNTY, *Petitioner.*

---

*Seth R. Dawson, Prosecuting Attorney,* and *John T. Dalton, Deputy,* for petitioner.

*Clinton, Fleck & Glein,* by *Keith C. Thomson,* for respondent.

DOLLIVER, J.—Defendant Snohomish County appeals a judgment granting a deputy sheriff reinstatement, back wages, and attorney fees because he was refused reemployment after he returned from military duty. Plaintiff Frank Nichols retained private counsel when the Snohomish County Prosecutor refused to bring an action to enforce Nichols' veteran's reemployment rights pursuant to RCW 73.16.

The County petitions for a review of the Court of Appeals decision affirming Nichols' reinstatement as a deputy sheriff. *Nichols v. Snohomish Cy.,* 47 Wn. App. 550, 736 P.2d 670 (1987). We affirm.

The Court of Appeals succinctly stated the facts in its opinion:

[Plaintiff] Nichols was employed from 1975 to January 1983 as a Snohomish County Deputy Sheriff. In 1980 he joined the Washington National Guard. Early in 1982 he explored the possibility of entering helicopter flight training through the United States Army Reserve. He submitted a formal application, and on December 13, 1982, received written orders from the United States Army Reserve directing him to report to Fort Rucker, Alabama, on January 25, 1983, for the purpose of attending helicopter flight school.

On December 15, 1982, Nichols first met with Snohomish County Sheriff Dodge and orally requested a leave of absence to attend the flight school. The sheriff made no decision with respect to the request and instructed Nichols to submit a formal written request for leave.

Nichols submitted the written request for leave of absence without pay January 6, 1983. On January 14, 1983, he was ordered by Snohomish County Undersheriff Engelbretson to be present in the office of Sheriff Dodge on Monday, January 17, 1983. Engelbretson told Nichols that failure to report to the sheriff's office on that day

would result in termination of his employment.

After making clear that he understood he would lose his job if he went to helicopter training school, Nichols began his trip to Alabama, departing Everett January 17, 1983. His employment was terminated by letter from the sheriff dated January 31, 1983, on the grounds of failure to obey an order, being absent without leave, and conduct unbecoming a deputy sheriff.

Nichols appealed his termination to the Snohomish County Civil Service Commission. The Commission affirmed the sheriff's decision by order dated April 14, 1983.

Nichols subsequently completed training in the United States Army Reserve in October 1983 and returned to Everett. Shortly thereafter, he sent a certified letter to the sheriff requesting reinstatement. This request was denied.

Nichols then requested the Snohomish County Prosecutor's Office to bring an action under state law for his reinstatement; the prosecutor denied this request.

Nichols then retained private counsel and sued the County. Judgment was entered in favor of Nichols in May 1985, awarding reinstatement, back wages and other benefits, and attorney fees. . . .

*Nichols v. Snohomish Cy., supra* at 551–52.

## I

It is apparent from Nichols' testimony that, for more than a year, he had been considering a leave of absence for helicopter flight training. After discussions with his immediate supervisor in the summer of 1982, Nichols applied for flight school the following November. He received official orders on December 13, 1982, and notified Sheriff Dodge in a meeting on December 15, 1982. As a result of the meeting, Sheriff Dodge requested Nichols to submit his leave request in writing. Nichols did so immediately which gave the sheriff 1 month to replace a veteran deputy in the 2–man Search and Rescue Unit. Nevertheless, as the trial court observed, "Mr. Nichols . . . was going to enter into the flight school regardless of whether or not his leave of absence was granted. I am equally convinced that that was obvious to the sheriff's office."

By letter dated January 18, 1983, Inspector James I. Scharf, under the direction of Sheriff Dodge, notified Nichols: "[I]f you are not present for your regular duty assignment . . . January 21, 1983, you will be considered absent without leave [and] subject to termination". RCW 73.16.033, Washington's version of the federal Veterans' Reemployment Rights Act (38 U.S.C. § 2024 (1982)), provides, in part:

> Any person who is a resident of this state and who voluntarily or upon demand, vacates a position of employment to . . . enter upon active duty or training in the . . . armed forces of the United States . . . shall, provided he meets the requirements of RCW 73.16.035, be reemployed forthwith: *Provided,* That the employer need not reemploy such person if circumstances have so changed as to make it impossible, unreasonable, or against the public interest for him to do so: *Provided further,* That this section shall not apply to a temporary position.

The trial court determined Nichols was fired after he left for active duty training, and the decision to terminate Nichols' employment on January 31, 1983 was in retaliation for his conduct in requesting a leave which the sheriff had no power to deny. The court held RCW 73.16.033 gave Nichols the right to voluntarily leave for military training. While Nichols' behavior indicated to the trial court a lack of fair dealing with his employer, it found the behavior was neither illegal nor outside of the requirements of RCW 73.16.033.

The County argues prior unknown misconduct justified termination. Since the trial court, however, determined Nichols was terminated as a result of his decision to enter military training, we need not discuss in this case whether prior unknown misconduct can justify termination.

Contrary to the belief of the County, the ruling by the Civil Service Commission upholding Nichols' termination was neither res judicata nor collateral estoppel as to his rights under RCW 73.16.033. The doctrine of collateral estoppel precludes parties from relitigating issues which

have been actually and necessarily contested and determined in prior actions between the same parties. *Peterson v. Department of Ecology,* 92 Wn.2d 306, 312, 596 P.2d 285 (1979). Nichols was entitled to bring an independent action for reemployment rights under RCW 73.16.033. *Nichols v. Snohomish Cy., supra* at 553. The sole issue before the Commission was whether Sheriff Dodge had rightfully terminated Nichols' employment. Thus, since the Commission had no authority to hear or determine rights under the Veterans' Reemployment Rights Act, any determination by the Commission as to veterans' reemployment rights would not be res judicata as to a later judicial determination of the same issue. The Commission's authority under RCW 41.14.060 did not authorize it to consider any claim maintained by Nichols under RCW 73.16.033, nor did the Commission do so.

Additionally, the County urges us to interpret RCW 73.16.035(4) under the "rule of reasonableness". *See Lee v. Pensacola,* 634 F.2d 886 (5th Cir. 1981). In *Lee* the court was faced with interpreting 38 U.S.C. § 2024(d) which contained *no time period* in which the reservist could be absent from his work and still be eligible for reemployment. The court held the training period for which leave of absence is given must be reasonable both in the context of the reservist's military obligation and the requirements of the employer. *Lee v. Pensacola, supra.* RCW 73.16.035(4) only requires a person to "return and reenter the office or position [previously held] within three months after serving four years or less[.]" We decline to adopt the rule of reasonableness. Even if we were to adopt the rule of reasonableness, however, RCW 73.16.033 clearly places the burden on the County to show Nichols did *not* meet the statute's requirements. The County has failed completely to meet such a burden.

## II

The County contends the prosecutor's decision to refuse representation of Nichols in his action against the County

under RCW 73.16.033 was discretionary, and therefore the County is immune from liability for Nichols' attorney fees.

Because the prosecutor represented the County, Nichols maintains the prosecutor should have appointed an independent prosecutor to avoid any conflict of interest. Since the prosecutor refused, Nichols argues his private attorney fees are the equivalent of legal services the prosecutor was directed to provide under RCW 73.16.061 and, thus, should be paid by the County.

The County claims no such duty is mandated under RCW 73.16.061, citing *Fisher v. Clem,* 25 Wn. App. 303, 607 P.2d 326 (1980). That case held the "prosecutor's maintenance of any civil proceedings under RCW 36.27.020 is discretionary." *Fisher,* at 307. The County has misinterpreted the meaning of *Fisher.* The *Fisher* court was asked whether RCW 36.27.020 could specifically compel the prosecutor to bring *any* civil suit when, in his judgment and discretion, such suit lacked merit. The court properly held the statute could not compel the prosecutor to exercise his discretion in a particular manner unless the prosecutor's refusal was arbitrary or unreasonable. Here, the Court of Appeals, in addressing RCW 73.16.061, reasoned the refusal of the County to appoint an independent prosecutor defeated the purpose of the statute.

The Snohomish County Prosecuting Attorney's Office is the legal advisor and attorney for the Snohomish County Sheriff's Office. RCW 36.27. However, RCW 73.16-.061 specifically provides that "the prosecuting attorney of the county in which the employer is located *shall* bring action in the superior court to obtain an order to specifically require such employer to comply with the provisions hereof . . ." (Italics ours.) Where, as here, if the right of anyone depends upon giving the word *shall* an imperative construction, the presumption is that *shall* is used in reference to that right or benefit, and it receives a mandatory interpretation. *See Snyder v. Cox,* 1 Wn. App. 457, 462, 462 P.2d 573 (1969); *see also* 2A C. Sands, *Statutory Construction* § 57.03 (4th rev. ed. 1984).

The prosecutor's office reasonably should have recognized a conflict of interest when it undertook to evaluate the merits of Nichols' case. Under these circumstances the prosecuting attorney had an ethical obligation to step aside in favor of an independent special prosecutor. *Nichols v. Snohomish Cy., supra* at 556 (citing RPC 1.7; CPR DR 5-105).

## III

The County argues the enforcement of fees against it would constitute a violation of its immunity. Nichols argues such compensation would fulfill the purpose of the statute, RCW 73.16.061, in obtaining plaintiff's reemployment rights.

Nichols did not bring suit against the County because of the prosecutor's error in judgment. He only claimed reimbursement from the County because Nichols' attorney performed the representation the prosecutor was required to perform under RCW 73.16.061. As stated by the Court of Appeals:

> The fees expended by Nichols in retaining private counsel are therefore recoverable as the equivalent of legal services the prosecutor was directed by statute to provide but refused. We thus reject the County's immunity argument. It would clearly defeat the purpose of RCW 73.16-.061 to allow the County to shift the burden of providing legal representation to a plaintiff whose claim proves to be meritorious.

*Nichols v. Snohomish Cy., supra* at 556-57.

We do not hold attorney fees are recoverable, however, for every plaintiff who brings a separate action under RCW 73.16.061 when the prosecuting attorney refuses to do so. In cases in which a conflict of interest exists, or where the employer is represented by the prosecutor's office, the following factors should be considered in determining whether the employee is entitled to attorney fees: (1) Did the prosecutor fail to appoint an independent special prosecutor outside his control; (2) was the decision not to prosecute the claim under RCW 73.16.061 made from an

evaluation and determination by the independent special prosecutor; and (3) did the plaintiff engage private counsel and obtain judgment on the merits after a determination by the independent special prosecutor not to file a claim? Using these guidelines we find Nichols is entitled to attorney fees.

Finally, the trial court did not abuse its discretion in setting the amount of attorney fees. *In re Renton,* 79 Wn.2d 374, 485 P.2d 613 (1971); *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971). As the Court of Appeals noted, the trial judge did not enter findings as to specific factors under the Code of Professional Responsibility. While we think it would have been better to have entered findings, the trial court was certainly in the best position to determine the necessary factors in awarding attorney fees; we find no abuse of discretion.

Affirmed.

PEARSON, C.J., UTTER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., and SWEDBERG, J. Pro Tem., concur.

BRACHTENBACH, J., concurs in the result.