[No. 10264–5–III.  Division Three.  December 4, 1990.]

*In the Matter of the Estate of*
WILLIAM J. STOCKMAN.

JO ANN STOCKMAN, *as Personal Representative,*
*Appellant,* v. WILLIAM J. STOCKMAN, JR.,
*as Personal Representative,*
*Respondent.*

*John P. Gilreath, James E. Hurson,* and *Cone, Gilreath, Ellis, Cole & Korte,* for appellant.

*Evan O. Thomas, Keri L. Ellison,* and *Lane Powell Moss & Miller,* for respondent.

SHIELDS, J.—On a petition for declaration of rights in a probate proceeding, the trial court made a determination the real property involved was the separate property of the

deceased husband, without taking testimony from the parties involved. The widow, Jo Ann Stockman, appeals. We reverse and remand.

William J. Stockman died testate on January 3, 1986. His wife, Jo Ann, and eldest son, William J. Stockman, Jr., were named copersonal representatives in the will. Together they retained the attorney who had drafted the will to handle the probate administration of the estate.

The will confirmed to Mrs. Stockman her share of the community property and provided for the distribution of the decedent's separate property and his share of the community property to a trust, with income for life to Mrs. Stockman and on her death, the remainder to his three children from a previous marriage.

The subject of the petition for declaration of rights[1] is a parcel of real property acquired in Washington during the marriage, alleged to have been purchased with the proceeds from the sale of the decedent's separate property in Oregon. The Washington property, a KOA campground, was listed in the estate inventory as community property. After 2½ years, in preparation for closing probate administration, a question arose as to why the copersonal representatives' deed conveyed only a one–half interest when county records showed the property was conveyed to "William J. Stockman, a married man, as his separate estate."

Mrs. Stockman thereupon retained independent counsel and sought a declaration of rights confirming the characterization of the campground as community property. Her petition was noted on the law and motion calendar as a probate matter pursuant to Kittitas County Local Rule 2 (LR 2). Hearing was initially set for April 10, 1989. Mrs.

---

[1] A petition for a declaration of rights under RCW 11.96.070 is in the nature of a declaratory judgment. RCW 11.96.130 provides, if no jury is demanded, factual issues framed are to be resolved as provided for in civil actions. The comment to this section of the Washington Trust Act of 1984 states: "This statute is intended to permit a probate or trust proceeding to be filed either under the probate cause number or as an independent action under a new cause number." Senate Journal, 48th Legislature (1984), at 1731–32.

Stockman filed a memorandum and supporting affidavits. Mr. Stockman, on behalf of himself and the other Stockman children, filed a memorandum in opposition and supporting affidavits and documents. On April 24, the court after argument ruled the campground was separate property. No testimony was taken. Neither party was present.

Upon being informed of this ruling, Mrs. Stockman retained new counsel, submitted supplemental affidavits, and moved for reconsideration. She also requested "a full hearing with live testimony". Her motion was denied on the ground the April 24 proceeding was a "trial by affidavit" on stipulation of the parties' attorneys.

Mr. Stockman asserts the attorneys stipulated to a resolution of the matter at the hearing on the affidavits. The record does not support this position. Mrs. Stockman's attorney specifically noted at the hearing on the petition: "[W]e are not in a trial here. We are just on a motion."

CR 2A provides:

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

The record does not support the finding of a stipulation. Resolution of the factual issues at the hearing was improper under CR 2A.

Mrs. Stockman contends the proceeding on the basis of the memoranda, affidavits, documents and arguments should have been treated as a motion for summary judgment. She supports her argument with three decisions of the Court of Appeals: *In re Bellanich,* 43 Wn. App. 345, 717 P.2d 307 (1986); *Robeson v. Helland,* 32 Wn. App. 487, 648 P.2d 461 (1982); and *Fisher v. Clem,* 25 Wn. App. 303, 607 P.2d 326 (1980). The Supreme Court expressly rejected this argument in *Brouillet v. Cowles Pub'g Co.,* 114 Wn.2d 788, 791 P.2d 526 (1990). *Brouillet,* at 793–94, held a trial court

decision based solely on affidavits is reviewed by an appellate court de novo, not as a summary judgment, and overruled *Bellanich, Robeson,* and *Fisher* to the extent they are inconsistent.[2]

Mrs. Stockman next contends if the proceeding was a "trial by affidavit," the evidence considered by the court was insufficient to overcome the presumption the KOA campground was community property. *Yesler v. Hochstettler,* 4 Wash. 349, 30 P. 398 (1892). That presumption can be overcome, but the burden is on the Stockman children to prove the property is separate in character by clear and convincing evidence. *In re Estate of Smith,* 73 Wn.2d 629, 440 P.2d 179 (1968); *Yesler.* At the hearing it was asserted the source of funds for the cash down payment, which amounted to roughly one–half of the purchase price, was the decedent's separate property from the sale of the Oregon property.

However, there is no clear and convincing evidence the cash down payment actually came from the proceeds of that sale. There is a 5–year gap between the sale listing in 1970, which was a document filed by the Stockman children, and the KOA purchase in 1975. Although the listing agreement indicates the decedent may have had as much as $142,000 equity in the Oregon property, there is no evidence of the actual selling price or the actual proceeds realized. Moreover, the initial earnest money on the KOA property of $3,000 was apparently made from the community bank account. The court erred by deciding the question of character of the property on the evidence before it. Neither RCW 11.96.070 nor RCW 11.96.130 provides a

[2]At oral argument Mrs. Stockman contended the petition for declaration of rights was similar to a motion to show cause why the campground acquired during marriage should not be treated as community property. Thus, if cause was shown at the hearing, as it was, the issues of fact would be framed, and after pleadings were filed, the matter could then be noted and set for trial pursuant to Kittitas County Local Rule 3 (LR 3). We agree this is the way the proceeding should have been handled.

means for bypassing rules of civil procedure. RCW 11.96-.170 does provide a means for nonjudicial resolution of disputes, but was not employed by the parties here.

The court's award of attorney fees was premature. An award of attorney fees in this case would not be allowable under RCW 11.48.210, but may be allowable under RCW 11.96.140. The issue whether attorney fees should be awarded at all, and if so in what amount, must await final resolution of the issue.

We reverse the decision of the Superior Court and remand for appropriate further pleading and trial on the issues of fact.

Munson, C.J., and Green, J., concur.