[No. 29068-1-I.    Division One.    April 27, 1992.]

*In the Matter of the Marriage of* KIM M. WOLK, *Appellant, and* CAROL A. WOLK, *Respondent.*

*Charles L. Smith* of *Family Defense League,* for appellant.

*Carol A. Wolk,* pro se.

PER CURIAM. — Kim Wolk appeals from an "Order On Show Cause And On Motion For Appointment Of Child Advocate" entered in Snohomish County. A commissioner of this court dismissed the appeal as taken from a nonappealable order and denied the alternative request for discretionary review. Kim Wolk has moved to modify the commissioner's ruling. We grant the motion to modify, accelerate review pursuant to RAP 18.12, vacate the order in part and remand for further proceedings.

Kim and Carol Wolk have experienced continuing problems over their children's visitation scheduling, transportation and other matters since their divorce. In February 1991, Kim Wolk initiated a show cause proceeding seeking to have Carol held in contempt. On April 8, 1991, the court ruled she was

not in contempt and ordered the parties to engage in mediation through the Dispute Resolution Center.

In June 1991, the trial court considered Kim Wolk's second show cause motion for contempt. On July 30, the court determined that Carol Wolk was in contempt for failure to comply with visitation provisions in the parenting plan. The court sentenced her to 6 days in jail, but suspended the jail time on the condition that she abide by the parenting plan and the orders of April 8 and July 30. The court also appointed an advocate for the parties' minor children pursuant to Snohomish County Local Special Proceedings Rule (SCLSPR) 94.04,[1] and ordered both parents to pay the advocate's fees. The court denied Kim Wolk's request for attorney fees, costs, and civil penalty provided in the applicable contempt statute, RCW 26.09.160.[2]

Kim Wolk seeks review of the July 30 order. He argues that the trial court erred in failing to award reasonable attorney fees, costs, and civil penalty provided in the contempt statute.

---

[1]SCLSPR 94.04(c) provides:

"(4) *Child Advocate.*

"(A) Appointment. Upon motion the court may appoint a guardian ad litem or special advocate. The order shall designate the appointee, the duties, and make provisions for payment of fees."

[2]**"Failure to comply with decree or temporary injunction — Obligation to make support or maintenance payments or permit contact with children not suspended — Penalties. . . .**

"(2)(a) A motion may be filed to initiate a contempt action to coerce a parent to comply with an order establishing residential provisions for a child. If the court finds there is reasonable cause to believe the parent has not complied with the order, the court may issue an order to show cause why the relief requested should not be granted.

"(b) If, based on all the facts and circumstances, the court finds after hearing that the parent has not complied with the order establishing residential provisions for the child, the court may find the parent in contempt of court. Upon a finding of contempt, the court *shall* order:

". . . .

"(ii) *The parent to pay, to the moving party, all court costs and reasonable attorneys' fees incurred as a result of the noncompliance, and any reasonable expenses incurred in locating or returning a child; and*

"(iii) *The parent to pay, to the moving party, a civil penalty, not less than the sum of one hundred dollars.*

". . . .

ATTORNEY FEES, COSTS, AND CIVIL PENALTY

Regardless of whether the denial of monetary sanctions is technically appealable as a matter of right, we grant discretionary review pursuant to RAP 2.3(b)(1) on the ground that the trial court committed obvious error in completely denying the sanctions. We also choose to accelerate review pursuant to RAP 18.12.

█ █ We agree with Kim Wolk's contention that the language "the court shall order" in RCW 26.09.160(2)(b) makes the monetary payments mandatory. The use of the word "shall" creates an imperative obligation unless a different legislative intent can be discerned. *State v. Q.D.*, 102 Wn.2d 19, 29, 685 P.2d 557 (1984). Where the right of a party depends on giving the word "shall" an imperative construction, the presumption is that "shall" is used in reference to the right, and the word is given a mandatory interpretation. *Nichols v. Snohomish Cy.*, 109 Wn.2d 613, 619, 746 P.2d 1208 (1987). Carol Wolk has not cited, nor are we aware of, a contrary legislative intent.

█ Accordingly, we construe "shall" in RCW 26.09.160(2)(b) to be mandatory. When the trial court finds a parent in contempt of an order pursuant to RCW 26.09.160, the court must order the noncomplying party to pay to the moving party "all court costs and reasonable attorneys' fees incurred as a result of the noncompliance," and in addition pay a civil penalty of not less than $100. RCW 26.09.160(2)(b)(ii), (iii).[3]

We grant the motion to modify and accelerate this matter pursuant to RAP 18.12. We vacate only that part of the trial court order denying the monetary sanctions and remand to the trial court for determination of court costs, reasonable attorney fees and civil penalty.

---

"(6) Subsections (1), (2), and (3) of this section authorize the exercise of the court's power to impose remedial sanctions for contempt of court and is in addition to any other contempt power the court may possess." (Italics ours.)

[3]The determination of the appropriate *amount* of these payments is within the discretion of the trial court. *Winans v. W.A.S., Inc.*, 112 Wn.2d 529, 545, 772 P.2d 1001 (1989).

360

Having no precedential value, the remainder of this opinion will not be published.