[No. 19360-4-II. Division Two. September 12, 1997.]

KELSO CIVIL SERVICE COMMISSION, *Respondent*, v. THE CITY OF KELSO, *Respondent*, DARRELL STAIR, ET AL., *Appellants*.

*Jaime B. Goldberg,* for appellants.

*C. Leroy Borders, City Attorney,* for respondent City of Kelso.

*Guy M. Bogdanovich* and *Law, Lyman, Daniel, Kamerrer & Bogdanovich,* for respondent Civil Service Commission.

MORGAN, J. — Officer Darrell Stair of the Kelso Police Department appeals a trial court judgment upholding his suspension for 10 days without pay. For the reasons that follow, we affirm.

In 1994, a Kelso Police Department policy allowed no more than two police vehicles to participate in the same high speed chase. On May 9, 1994, three vehicles were participating in such a chase when the third one, driven by Stair, collided with one of the others. A short time later, the police chief suspended Stair for two and a half days without pay.

On May 24, 1994, Stair appealed to the Civil Service Commission. The same day, he also filed, through his union, a grievance that later proceeded to arbitration. The grievance was filed under a collective bargaining agreement previously formed between his union and the City.

On August 11, 1994, the Civil Service Commission held a quasi-judicial hearing at which both Stair and the City presented their evidence through counsel. On September 6, 1994, the Commission ruled not only that the suspension was justified, but that its duration should be increased to 10 days. Neither side appealed.[1]

The arbitration hearing did not convene until November 2, 1994. When it did, the City moved to dismiss, claiming the Commission's decision was res judicata. The arbitrator denied the motion, and the hearing proceeded. On December 30, 1994, the arbitrator issued an award stating that the suspension was not supported by just cause, and that the suspension should be reduced to a written reprimand.

On January 23, 1995, the Civil Service Commission filed a superior court complaint for declaratory judgment. After hearing various cross-motions, the trial court ruled that the Civil Service Commission's order was "final and

---

[1]*See* RCW 41.12.090 (providing that "accused" may appeal to superior court).

binding on all parties herein,"[2] and had precluded the arbitrator's award. Thus, it concluded that the Commission's order was enforceable, and that the arbitrator's award was not.

Preliminarily, the applicable collective bargaining agreement did not require Stair to elect between (1) his statutory right to seek review by the Civil Service Commission and (2) his contractual right to file a grievance and proceed to arbitration. As of May 24, 1994, he had the right to do either or both.[3] The only issue is whether the Commission's order of September 6 became final, conclusive and binding before the arbitration hearing convened on November 2.

 When a plaintiff files simultaneous lawsuits against the same defendant based on a single claim, the first suit to result in a final judgment precludes further prosecution of the other.[4] The quasi-judicial determination of an administrative agency, including that of a civil service commission, is final and binding (i.e., res judicata) to the same extent as the judgment of a court.[5] Here, Stair filed simultaneous civil service and grievance/arbitration proceedings, and the civil service proceeding was the first to result in a final order. Hence, the Civil Service Commission order

---

[2]Clerk's Papers at 221.

[3]*See Rose v. Erickson*, 106 Wn.2d 420, 421, 721 P.2d 969 (1986).

[4]*Black & Decker Corp. v. Sanyei Am. Corp.*, 650 F. Supp. 406, 408 (N.D. Ill. 1986); *Bockweg v. Anderson*, 333 N.C. 486, 428 S.E.2d 157, 164 n.2 (1993); *Orselet v. DeMatteo*, 206 Conn. 542, 539 A.2d 95, 99 (1988); *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 653 N.E.2d 825, 831 (1995).

[5]*Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 30-31, 891 P.2d 29 (1995); *Lejeune v. Clallam County*, 64 Wn. App. 257, 264-65, 823 P.2d 1144 (1992). As to the order of a civil service commission, *see Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 507-13, 745 P.2d 858 (1987) (collateral estoppel); *Reninger v. Department of Corrections*, 79 Wn. App. 623, 636, 901 P.2d 325 (1995) (collateral estoppel), *review granted*, 129 Wn.2d 1006 (1996); *State ex. rel. Worsham v. Brown*, 126 Wash. 175, 177, 218 P. 9 (1923) (civil service commission "is a body of limited jurisdiction that acts in a quasi judicial capacity"); *cf. Nichols v. Snohomish County*, 109 Wn.2d 613, 618, 746 P.2d 1208 (1987) (decision of Civil Service Commission not res judicata of claim it had no authority to hear or determine).

precluded further quasi-judicial proceedings, including the arbitration hearing convened on November 2.[6]

Relying on *Rose v. Erickson*,[7] Stair claims that RCW 41.56, the public employees' collective bargaining statute, and RCW 41.12, the civil service statute for city police, give an employee the right to obtain *both* a final civil service ruling *and* a final arbitration award. By necessary implication, he also claims that the employee may then select for enforcement whichever result he or she likes better. *Rose*, however, interpreted the statutes there involved (RCW 41.56 and RCW 41.14) as giving an employee the right to obtain a grievance/arbitration ruling *in lieu of* a civil service ruling, at least where that was in accord with the terms of the applicable collective bargaining agreement. *Rose* did not hold that the statutes give an employee the right to obtain *both* a final civil service ruling *and* a final arbitration award, and then select only one for enforcement.

Stair also claims that the application of res judicata has a discretionary aspect, and that the trial court abused its discretion for reasons related to public policy. Assuming, arguendo, that the application of res judicata has a discretionary aspect to it, we perceive no abuse of discretion here.

In summary, Stair had the right to initiate either a civil service proceeding, a grievance/arbitration proceeding, or both. Once either proceeding resulted in a final order, however, he was bound by that order; he was not entitled to obtain two final orders, then select for enforcement whichever one he liked better. The Civil Service Commission's order became final first, it precluded the later arbitration hearing, and the trial court did not err.

Affirmed.

---

[6]*See Stevens v. City of Centralia*, 86 Wn. App. 145, 155, 157, 936 P.2d 1141 (1997); *Robinson v. Hamed*, 62 Wn. App. 92, 98, 813 P.2d 171 (1991).

[7]*Rose*, 106 Wn.2d 420.

BRIDGEWATER, A.C.J., and HUNT, J., concur.

Reconsideration denied October 15, 1997.

Review granted at 135 Wn.2d 1008 (1998).