# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of

COLM GENT,

      Respondent,

and

ADRIENNE GENT n/k/a LAFLAM,

      Appellant.

No. 87569-8-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Adrienne LaFlam appeals the contempt order entered after she failed to comply with a court ordered parenting plan. We conclude the trial court did not abuse its discretion by finding LaFlam in contempt under RCW 26.09.160 and imposing mandatory sanctions.

I

Colm Gent filed a motion for contempt against his former wife, Adrienne LaFlam, for violations of the parenting plan for their shared children.[1] The King County Superior Court found,

> The respondent has not provided proof that she meets the requirements for Phase II of the final Parenting Plan. Therefore, under Phase I, the respondent was to return the children to the petitioner on Mondays at 6pm (even in the summer). The respondent did not return the children on Monday August 12, 2024 or Monday August 26, 2024.

---

[1] LaFlam filed a narrative report of proceeding as permitted under RAP 9.3. Gent did not object to the narrative report of proceedings or file a responsive brief.

The court further determined that LaFlam "had notice of the Parenting Plan but has refused to acknowledge that the limitations in section 4 apply to her and therefore has refused to comply with the requirements in Section 4 (the same requirements to move to Phase II in the Parenting Plan)." The court found LaFlam's actions to be intentional and in bad faith and entered an order of contempt. The court imposed a civil penalty of $100 payable to Gent and awarded Gent 12 overnights of make-up visitation for the violations.

LaFlam appeals.

II

LaFlam has represented herself in superior court and on appeal. We hold pro se litigants to the same standards as attorneys. In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). As the party seeking review, LaFlam "has the burden of perfecting the record so that this court has before it all of the evidence relevant to the issue." Allemeier v. Univ. of Wash., 42 Wn App. 465, 472-73, 712 P.2d 306 (1985); See RAP 9.2(b). "An insufficient record on appeal precludes review of the alleged errors." Bulzomi v. Dep't. of Lab. & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994).

LaFlam has not provided any documents or exhibits from the trial court proceedings for our review.[2] The record on appeal consists only of the order of

_____

[2] LaFlam designated clerk's papers for review but indigency prevented her from paying the clerk's fees to transfer the records to this court. We acknowledge the financial hardship to indigent appellants such as LaFlam. However, public funds are available only in limited circumstances not present in this case. See RAP 15.2(b)(1). Under applicable law, a commissioner of this court denied LaFlam's motion to have the record prepared at public expense, and a panel of judges denied LaFlam's motion to modify this ruling.

contempt at issue and a narrative report of proceedings prepared by LaFlam pursuant to RAP 9.3. This limited record precludes our review of the merits of several of LaFlam's assignments of error.

LaFlam raises claims that the court violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, by denying her request for accommodations that had previously been granted. Without evidence of prior accommodations or a request for accommodations in this proceeding, we cannot address the merits of her claim. Similarly, LaFlam contends the court improperly allowed untimely evidence from Gent and violated her due process rights under the Fourteenth Amendment of the U.S. Constitution and Washington Constitution Article I, section 3 by considering the evidence without authenticating it or allowing her the opportunity to cross-examine. We do not have the evidence or records from the trial court necessary to evaluate these alleged errors and cannot consider their merits.

We review LaFlam's remaining claims to the extent possible with the limited record available.

III

The court entered the contempt order against LaFlam pursuant to RCW 26.09.160. RCW 26.09.160(1) states that any attempt by a parent to refuse to perform the duties or hinder the other parent in duties under the parenting plan, "shall be deemed bad faith and shall be punished by the court by holding the party in contempt of court." A court must find a party in contempt "after hearing that the

parent, in bad faith, has not complied with the order establishing residential provisions for the child."  RCW 26.09.160(2)(b).

We review an order of contempt for abuse of discretion.  In re Marriage of James, 79 Wn. App. 436, 439-40, 903 P.2d 470 (1995).  "A trial court abuses its discretion by exercising it on untenable grounds or for untenable reasons."  Id. at 440.

A

LaFlam argues that the superior court erred by finding her in contempt without clear and convincing evidence of a willful violation of the parenting plan. We disagree.

"[A] parent who refuses to comply with duties imposed by a parenting plan is considered to have acted in 'bad faith.'"  Rideout, 150 Wn.2d 337, 352, 77 P.3d 1174 (2003) (quoting RCW 26.09.160(1)).  Further,

> [p]arents are deemed to have the ability to comply with orders establishing residential provisions and the burden is on the noncomplying parent to establish by a preponderance of the evidence that he or she lacked the ability to comply with the residential provisions of a court-ordered parenting plan or had a reasonable excuse for noncompliance.

In re Marriage of Rideout, 150 Wn.2d at 352-53.  Therefore, LaFlam's failure to abide by the terms of the parenting plan raised the presumption of bad faith, and she had the burden of proving her inability to comply or a reasonable excuse for noncompliance.

The court concluded that LaFlam acted intentionally and in bad faith due to her refusal to acknowledge the limitations in the parenting plan or comply with the

requirements. LaFlam has not provided evidence to refute these findings or establish either her inability to comply or a reasonable excuse for noncompliance. The court's determination that LaFlam intentionally violated the parenting plan and entry of the order of contempt was not an abuse of discretion.

B

LaFlam contends the court's sanctions were improperly imposed. She argues the court awarded makeup parenting time without considering the best interests of the children and assessed $100 in civil fines without considering her ability to pay. These sanctions are required by RCW 26.09.160(2)(b).

RCW 26.09.160(2)(b) states,

Upon a finding of contempt, the court shall order:
(i) The noncomplying parent to provide the moving party additional time with the child. The additional time shall be equal to the time missed with the child, due to the parent's noncompliance;
(ii) The parent to pay, to the moving party, all court costs and reasonable attorneys' fees incurred as a result of the noncompliance, and any reasonable expenses incurred in locating or returning a child; and
(iii) The parent to pay, to the moving party, a civil penalty, not less than the sum of one hundred dollars.

These punishments for contempt are mandatory, not discretionary. In re Marriage of Myers, 123 Wn. App. 889, 893, 99 P.3d 398 (2004). Therefore, the court was required to award additional residential time and a minimum civil penalty of $100 to Gent. The superior court did not abuse its discretion by imposing these mandatory punishments after finding LaFlam in contempt for violating the parenting plan.

5

C

LaFlam asserts that the trial court violated her right to due process by denying her an opportunity to rebut Gent's allegations against her. Her narrative transcript contradicts this claim. According to LaFlam, after she presented her arguments to the court, "[t]he judge asked whether Respondent wished to address the specific allegations of contempt, to which she responded that since Petitioner provided no legal proof, she did not believe further discussion was necessary." Thus, the court specifically provided LaFlam the opportunity to rebut the allegations and she declined. Her claim of a due process violation is without merit.

D

Finally, LaFlam claims the contempt order is void for vagueness because it contains internally contradictory findings and "provides no clear notice of [her] legal obligations." We disagree.

On the contempt order form, the court marked boxes denoting both "[t]he parenting/custody order was obeyed" and "[t]he parenting/custody order was not obeyed." As described above, the order includes the written finding that LaFlam refused to comply with the requirements of the parenting plan supporting the conclusion that the parenting plan was not obeyed. The order also states, "The court does not find respondent in contempt for failure to take the children to their scheduled activities as there appears to be no provision in the Parenting Plan requiring such." This supports the conclusion that the parenting plan was obeyed. The written findings clarify any confusion arising from the seemingly contradictory check boxes on the order of contempt.

The superior court did not abuse its discretion by entering the order of contempt for violations of the parenting plan and imposing the mandatory sanctions pursuant to RCW 26.09.160.

Affirmed.

Birk, J.

WE CONCUR:

Coburn, J.          Mann, J.