978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos F. BELL, Plaintiff-Appellant,
v.
THE FIRESTONE TIRE AND RUBBER COMPANY; J. Michael Calvert,
Defendants-Appellees.
 No. 91-55410.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 28, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Bell appeals pro se the district court's dismissal of his action on res judicata grounds and for lack of subject matter jurisdiction. We have jurisdiction pursuant to 26 U.S.C. § 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 In his complaint, Bell contends that the defendants conspired with his previous attorney to pay him less than the minimum wage established by the Fair Labor Standards Act, 29 U.S.C. § 206(a).[1] Bell also appears to allege that his attorney committed malpractice in his unemployment and workers compensation case and that the defendants stole his personal property.
 
 
 5
 Prior to bringing his complaint in federal court, Bell initiated an action in California small claims court on the same issue of whether the defendants paid him less than the minimum wage during his employment. Bell prevailed in that action, but lost on appeal when the defendants sought de novo review in superior court. Bell subsequently sought reconsideration of the superior court action. While his motion for reconsideration was pending, Bell brought this action in district court. The district court dismissed Bell's action, finding that the federal question brought under the Fair Labor Standards Act already had been settled by the California superior court action. The district court dismissed the rest of Bell's pendent state claims finding that it lacked subject matter jurisdiction to consider them.
 
 II
 Merits
 
 6
 A federal court must give the same preclusive effect to a state court judgment as would the courts of the state where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 105 (1980). In California, a small claims judgment has only limited res judicata effect and does not necessarily operate to bar subsequent proceedings on different causes of action. See Sanderson v. Nieman, 110 P.2d 1025, 1031 (en banc) (1941). If, however, the losing party appeals and seeks de novo review of the small claims judgment in superior court, the superior court judgment rendered is considered final and precludes future actions on the same claim or cause of action. See Perez v. City of San Bruno, 616 P.2d 1287, 1291 (1980).
 
 
 7
 Here, Bell conceded at the district court hearing that his small claims judgment involved a dispute over minimum wages. Accordingly, because Bell now is seeking to litigate the issue of minimum wages in federal court, his federal cause of action is barred by the doctrine of res judicata. See Perez, 616 P.2d at 1291. Moreover, because the district court properly dismissed Bell's federal cause of action, it did not abuse its discretion by dismissing Bell's pendent state claim. See Cook, Perkiss & Liehe Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990) (when federal claims are dismissed before trial, the district court had discretion to dismiss the pendent state claims as well).[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendant Calvert never appeared or filed an answer in district court. The record reveals that he contested the adequacy of service of process
 
 
 [2]
 On appeal, Bell appears to raise a number of charges that were not included in his original complaint. Specifically, he charges the defendants with wrongful discharge, with liability for property damage to his car, and with liability for his pain and suffering. The general rule is that an issue will not be considered for the first time on appeal unless a party shows exceptional circumstances why the issues was not raised below. See Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 655-56 (9th Cir.1984). Bell has not shown exceptional circumstances, and accordingly, we will not consider these issues. Moreover, to the extent that Bell seeks to litigate his workers compensation case, his exclusive remedy is through the workers' compensation system. See Portillo v. G.T. Price Prod. Inc., 131 Cal.App.3d 285, 289-90 (1982)