29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CARLOS F.B., aka, Carlos F. Bell, Plaintiff-Appellant,
v.
KCBS T.V., CHANNEL 2; KTLA Inc; Matsushita; MCA/Universal
Sony Corporation; Masaaki Morita, CEO MGM; Time Warner,
Inc.; Gardland L. Hardman; Gerold A. Levin; Michael D.
Eisner, CEO Walt Disney Corp.; Walt Disney Company,
Twentieth Century Fox Film Corporation; K. Rupert Murdoch;
Bank of America National Trust & Savings Association;
Arthur L. Anderson; Commerce Bank Inc.; Paramount Pictures
Corporation; Martin S. Davis, CEO Orion Pictures; Arthur
S. Krim, CEO Carolco Pictures; Carolco Pictures;
Automobile Club of Southern California; Miramax Pictures,
Harvey Weinstein, CEO Aaron Spelling Entertainment; General
Motors, Inc.; Lojack Inc.; Liberty Records; Capital
Records, Inc.; Jade Giant Records; Luke Records Inc.;
Subway Franchise; Unadulterated Food Products Inc., dba
Snapple; Stille Co., Inc.; Food 4 Less Supermarkets, Inc.;
Ruffhouse Records; Tonka Records; Southern California
Edison Co.; City of Inglewood; Southern California Water
Company; California Public Utilities Commission;
Blockbuster Video; MCI Telecommunications Corporation,
Defendants-Appellees.
 No. 93-56451.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos F. Bell Outlaw appeals pro se the district court's dismissal of his in forma pauperis complaint as frivolous under 28 U.S.C. Sec. 1915(d). We affirm.
 
 I.
 
 3
 On July 28, 1993, Outlaw filed a complaint in forma pauperis against several motion picture companies, television stations, record companies, banks, and utilities, seeking five billion dollars damages and "any other relief the court deems fit" from each defendant. Outlaw alleged, among other things, that the defendants violated RICO and various civil rights laws by means of a wide-ranging conspiracy directed against him. Specifically, Outlaw asserted that the motion picture producers stole his movie ideas; the television stations stole his ideas for television shows; and the record companies stole his songs. Not satisfied with Outlaw's intellectual property, the defendants also allegedly stole billions of dollars from him, including four million dollars purportedly awarded him by a previous judgment of this court, and conspired to keep him unemployed and penniless. Assorted other defendants purportedly joined this scheme as it progressed. Finally, in order to effectuate their venture, the defendants allegedly kidnapped Outlaw, attempted first to poison and then to electrocute him, and framed him for shooting another individual.
 
 
 4
 The district court dismissed Outlaw's complaint as frivolous under 28 U.S.C. Sec. 1915(d). Outlaw appeals.[1]
 
 II.
 
 5
 We review dismissal pursuant to 28 U.S.C. Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A district court is authorized to dismiss a complaint filed in forma pauperis "if satisfied that the action is frivolous or malicious." 28 U.S.C. Sec. 1915(d). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 112 S.Ct. at 1733.
 
 
 6
 As the preceding discussion of Outlaw's claims makes clear, the district court did not abuse its discretion in dismissing his complaint.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Outlaw has also apparently filed articles of impeachment against the district judge. That action is not before this court
 
 
 [2]
 A district court may dismiss a complaint "whether or not there are judicially noticeable facts available to contradict" its allegations. Id. We do note, however, that Outlaw contends a previous unrelated decision of this court awarded him four million dollars, when in fact we dismissed that complaint as barred by a state small claims court judgment against him. See Bell v. Firestone Tire & Rubber Co., No. 91-55410, 1992 WL 318698, 1992 U.S.App. LEXIS 28211 (9th Cir. Oct. 22, 1992) (memorandum decision)